Robert Allen HAZELWOOD, Appellant,

v.

Dennis BEAUCHAMP and Barry
Hart, Appellees.

No. 88–CA–186–MR.

Court of Appeals of Kentucky.

March 10, 1989.

Sam H. Monarch, Hardinsburg, for appellant.

Harold W. Newton, Hawesville, for appellees.

Before McDONALD and WEST, JJ.,
and WHITE, Special Judge.

McDONALD, Judge:

The appellant, Robert Hazelwood, sustained an injury to his hand on May 29, 1985, when it was caught in the internal workings of a John Deere hay baler. Hazelwood was immediately sent to Jewish Hospital in Louisville where surgery was performed. He subsequently underwent two additional surgeries to the hand and has sustained a permanent impairment as a result of the accident.

Hazelwood commenced this tort action in the Breckinridge Circuit Court against his employer, Dennis Beauchamp, and a co-employee, Barry Hart. Beauchamp had assigned Hart and Hazelwood to his farm to bale hay and was not on the premises when the incident occurred. Hart was operating the controls of the baler. Hazelwood and Hart were having problems with the baler clogging up. Hazelwood instructed Hart to shut the baler down so that he could manually disentangle the belts. Having done so, Hart allegedly turned the baler back on although Hazelwood had his hand inside the equipment. Hart denied that he engaged the power on the baler; nevertheless, the jury returned a verdict finding Hart and Hazelwood each 50% responsible for causing the injury. The court directed a verdict in favor of Beauchamp at the close of Hazelwood's case.

The jury awarded Hazelwood all his medical expenses which amounted to $9,440.99 but put a "0" in the two blanks provided for pain and suffering, and past and future lost earnings. The trial court, at Hazelwood's request, required the jury to deliberate further. The court instructed the jury that it had to make an award for pain and suffering,[1] and it ultimately awarded Hazelwood $250 for this item of damages. Hazelwood's post-verdict motion for a new trial was overruled.

Hazelwood has raised two issues for our consideration. First, he argues the trial court erred as a matter of law in directing a verdict for his employer, Beauchamp. The court premised its ruling on the fellow servant doctrine, defined in *Ru-*

---

1. The court advised the jury this could be as little as one penny.

*ble v. Stone,* Ky., 430 S.W.2d 140 (1968), as follows:

> A master is not liable to a servant or subservant who, while acting within the scope of his employment or in connection therewith, is injured solely by the negligence of a fellow servant in the performance of acts not involving a violation of the master's non-delegable duties, unless the servant was coerced or deceived into serving, was too young to appreciate the risks, or was employed in violation of statute.

Because of our workers' compensation scheme, the fellow servant doctrine is rarely applicable in work-related injury cases. The appellant contends that those employees not covered by workers' compensation can "least afford the injustice thrust upon them by the impact of the fellow servant doctrine." He also points out that in most jurisdictions the defense has been abolished or limited by judicial fiat or legislation.[2]

In addition to public policy arguments, the appellant creatively argues that the underpinnings of the doctrine are essentially the same as those advanced for the defense of assumption of risk, which, of course, is no longer viable in this jurisdiction. Logically, he urges, the fellow servant doctrine should "finally pass into oblivion."

Regardless of our inclinations in this regard, we clearly must follow the legal precedents established by our Supreme Court and its predecessor court. SCR 1.030(8)(a). As the appellant recognizes, our highest Court upheld the defense in *Ruble v. Stone, supra,* and there being no other basis to find Beauchamp liable, we are obliged to affirm the trial court's ruling in favor of the appellee/employer.

■ The appellant next contends the trial court erred in overruling his motion for a new trial. The basis for this motion was, of course, that the damages were inadequate. It is the appellee's position that there was no inadequacy in the $250 award

for pain and suffering and that the failure to give the appellant any amount for lost wages was not properly preserved for our review.

As stated earlier, the jury was sent back to deliberate the issue of damages for pain and suffering, having initially awarded Hazelwood "0." It is obvious, we believe, that it is futile to require a jury that has consciously inserted "0" or its equivalent to reconsider its decision. This is not the same situation as that created when a jury has left a verdict slot blank. Such a verdict is patently irregular or incomplete. Where there is a patent deficiency or irregularity, the procedure set out in *Stucker v. Bibble,* Ky., 442 S.W.2d 578 (1969), for reconsideration of its verdict by the jury should be followed. However, it is untenable to utilize that procedure where the jury has deliberately awarded nothing, despite the evidence and instructions to the contrary. Such a verdict is no more incomplete or irregular than had the jury inserted one dollar. It may be defective as contrary to the evidence and the law that relates to the adequacy of an award, but such a defect is one appropriate to be addressed by the trial court upon a motion for a new trial.

Our task is to determine whether the trial court abused its discretion in not granting a new trial in light of the award made. *Davis v. Graviss,* Ky., 672 S.W.2d 928 (1984). The amount of damages is a dispute left to the sound discretion of the jury, and its determination should not be set aside merely because we would have reached a different conclusion. If the verdict bears any reasonable relationship to the evidence of loss suffered, it is the duty of the trial court and this Court not to disturb the jury's assessment of damages. *Id.*

With this standard in mind, we believe the trial court abused its discretion in failing to grant Hazelwood's motion for a new trial on damages. The jury's meager

---

**2.** *See,* for example, *Buckley v. City of New York,* 56 N.Y.2d 300, 452 N.Y.S.2d 331, 332–33, 437 N.E.2d 1088, 1090 (1982), where the Court held that the fellow servant rule "serves no continuing valid purpose in New York, but instead merely works an unjustifiable hardship upon individuals injured in the workplace...."

award for pain and suffering and its decision to award nothing for lost wages bears no relationship at all to the losses suffered by the appellant and are not supported by the evidence of record. It was uncontroverted that the appellant's hand was lodged in the baler for a long period of time before he was freed from the machine, that the palm of his hand was crushed and mangled, and that he underwent three surgical procedures. While it is true that the jury did not have to believe Hazelwood's testimony regarding the pain he claims to have endured, it was not free to disregard the uncontroverted evidence of the nature of the accident itself and the medical procedures performed. The jury's award of $0 and later $250 is not adequate to compensate the appellant, and a new trial is indicated. *Phipps v. Bisceglia*, Ky., 383 S.W. 2d 367 (1964).

Likewise, the jury's failure to award any sum for lost earnings is contrary to the evidence, and the appellant is entitled to a new trial on this element of damages as well. *See Biggs v. Toone*, Ky., 244 S.W.2d 443 (1951). Again, the uncontroverted evidence before the jury was that Hazelwood was earning an average of $250 per week and that he was not released to work by his treating physician, Dr. Tsai, for nearly five months after the accident. Though the jury is not required to make an award of future lost wages merely because the appellant proved that he sustained a permanent injury, *see*, for example, *Hargett v. Dodson*, Ky.App., 597 S.W.2d 151 (1979), it is not free to ignore the undenied evidence of his lost wages attributable solely to the accident.

Accordingly, the judgment of the Breckinridge Circuit Court is reversed and the matter is remanded for a new trial on the issue of damages consistent with this opinion.

All concur.