Sylvia G. SPALDING, Appellant,

v.

Katherine R. SHINKLE, Appellee.

No. 88–CA–1245–MR.

Court of Appeals of Kentucky.

July 7, 1989.

James G. Osborne, Osborne, Hillmann & Trusty, Covington, for appellant.

Nick Benson, Rouse, Benson & Koenig, P.S.C., Walton, for appellee.

Before GUDGEL, LESTER and McDONALD, JJ.

McDONALD, Judge.

Appellant Sylvia G. Spalding was injured in an automobile collision on December 21, 1984, when her vehicle collided with a vehicle driven by appellee Katherine R. Shinkle. Shinkle admitted fault, and the case was tried to the jury on damages only. The jury rendered a verdict for Spalding as follows:

a) For any reasonable and necessary medical expenses she has incurred to date, $4,635.50;

b) for any reasonable and necessary medical expenses she is reasonably certain to incur in the future, $1,000;

c) for any time it was necessary for Spalding to be off work, $2,000;

d) for any permanent impairment of her power to earn money, $3,750;

3) for any mental and physical pain and suffering which she has endured to date, $5,000; and

f) for any mental and physical pain and suffering which she is reasonably certain to endure in the future, $0.

Spalding asserts three errors on appeal, and we will address them in the order that they were presented to us.

The first assignment of error is that the verdict of the jury awarding Spalding future medicals but failing to award future pain and suffering is erroneous and must be set aside.

Spalding argues that if future medical expenses are awarded, as here, it is necessary for the jury to award a reasonable sum for future pain and suffering. The testimony of Dr. Shearer supported Spalding's claim for future medical expenses and future pain and suffering. In particular, a myelogram was medically recommended but previously refused by Spalding. Her testimony at trial was that a myelogram would be scheduled because of the pain she was still experiencing.

The other side of the medical evidence coin was that Spalding was healed, with no active residuals, and that if she was still experiencing pain it was due to a degenerative disc disease not related to the accident.

■ We begin by pointing out that a distinction exists between a jury leaving a verdict slot blank and where the jury inserts "0" or its equivalent. Leaving a verdict slot blank would indicate one or more of the following on the jury's part: (1) an oversight, (2) confusion, or (3) refusal to make an award. A blank verdict slot is patently an irregular or incomplete verdict. A blank slot circumstance is controlled by the rule in *Breathitt Funeral Home v. Neace*, Ky., 437 S.W.2d 490 (1969), and confirmed in *Stucker v. Bibble*, Ky., 442 S.W.2d 578 (1969). The rule is:

> [W]e pointed out that when a deficiency or irregularity in a verdict is at once discernible upon the return of the verdict, any party adversely affected and desiring to invoke judicial relief must call the matter to the court's attention then and there and afford the trial judge the opportunity to have the jury reconsider its verdict and correct its findings. The failure to take such action at a time when the trial judge yet has the jury available is a waiver of the claimed error.

*Stucker, supra* at 579. *See also Smith v. Crenshaw*, 344 S.W.2d 393 (1961).

■ Under the facts of the present case, the jury consciously inserted "0." This finding is not an irregular or incomplete verdict. Therefore, it was not a waiver of error situation. The verdict was no more incomplete than if the jury had inserted $1 for pain and suffering. *See Hazelwood v. Beauchamp*, Ky.App., 766 S.W.2d 439 (1989). It may be defective as contrary to the evidence, but that relates to the adequacy of the award, more appropriately addressed in a motion for a new trial. Surely the trial judge would not order the jury to reconsider its award if the sum of $1 had been inserted. So Shinkle's argument that *Stucker* mandates a motion to send the jury back for further deliberation is not applicable because the verdict herein was not patently incomplete, ambiguous,

inconsistent, irregular or otherwise defective. A motion for a new trial was the correct procedure since the jury consciously inserted "0" for the award. The trial court's ruling upon the motion is presumptively correct. *Davis v. Graviss*, Ky., 672 S.W.2d 928 (1984).

■ Now the question is whether the trial court ruled correctly upon Spalding's motion for a new trial based on inadequacy of damages. The test shifts to whether the verdict is supported by substantial evidence. We say it is.

Spalding relies upon the following language in *American States Ins. v. Audubon Country Club*, Ky., 650 S.W.2d 252, 254 (1983): "It was reversible error to permit a judgment which awarded $10,000 in future medical expenses but made no award for future pain and suffering." However, *American States*, at p. 254, also says:

> There can be no blanket rule that if a jury grants future medical expenses they must automatically make an award for pain and suffering related thereto. There must be evidence to support either award. In any event, the jury should address the question and give some answer.

A proper instruction was given on Spalding's claim for future pain and suffering based upon her testimony and proof. *Williams v. Kirtley*, Ky., 263 S.W.2d 119 (1953). There was countervailing evidence of a substantial nature; therefore, the jury was not bound to believe Spalding's version, and they did not, as evidenced by no damages being awarded for the claimed item. A jury is not bound to believe a plaintiff or her doctors. *See Carlson v. McElroy*, Ky.App., 584 S.W.2d 754 (1979); *Davidson v. Vogler*, Ky., 507 S.W.2d 160 (1974), and *Thompson v. Spears*, Ky., 458 S.W.2d 1 (1970). There was no error in the trial court overruling Spalding's motion for a new trial in this regard.

The second assignment of error claims that the instructions given by the trial court were clearly erroneous and contrary to law.

■ Spalding says that a proper instruction would be similar to the one approved in *Wemyss v. Coleman*, Ky., 729 S.W.2d 174 (1987), quoting as follows:

> We agree with the appellee's basic legal premise that the tortfeasor takes the claimant *as he finds him and is entitled to neither credit nor setoff against the amount of the claimant's damages because of pre-existing physical conditions which make the claimant more susceptible to injury, or to greater injury, than would have been the case with better health.* (Emphasis supplied.)

■ The trial court refused the instruction as requested and we agree with the ruling. *Cox v. Cooper*, Ky., 510 S.W.2d 530 (1974), says that the instructions should be bare bones. We do believe, however, that a pre-existing condition instruction was warranted under the approved form found in *Ford Motor Company v. Zipper*, Ky., 502 S.W.2d 74, 79 (1973), which holds that a claimant is entitled to compensation for damages caused directly by the injuries received, and no damages for a pre-existing condition except to the extent such condition was aggravated. But there was no reversible error in failing to instruct under *Wemyss, supra. See also Rogers v. Kasdan*, Ky., 612 S.W.2d 133 (1981).

■ Lastly, Spalding claims the verdict is grossly inadequate and should be set aside.

This case boiled down to which of the experts was going to be believed. Although *Davis v. Graviss, supra*, deals with an allegation of an excessive award, conversely its rationale would apply to an inadequate award allegation. Therefore, if there is substantial evidence to support the trial court's denial of a new trial, it is then the appellate court's function to determine if there was an abuse of discretion or clear error. Here, there was neither.

The verdicts and judgment of the Boone Circuit Court are affirmed.

All concur.