Maxine COOPER, Movant,

v.

James F. FULTZ, Respondent.

No. 90–SC–283–DG.

Supreme Court of Kentucky.

July 3, 1991.

Howell W. Vincent, Vincent and Alig, Covington, for movant.

Benjamin J. Hays, Winchester, for respondent.

LEIBSON, Justice.

Maxine Cooper sued James F. Fultz for personal injuries from a motor vehicle collision occurring November 13, 1986, in Montgomery County, Kentucky. The jury found both parties at fault and apportioned liability eighty percent against the defendant Fultz, and twenty percent against the plaintiff Cooper. The jury fixed damages by completing Instruction No. 2, as follows:

"(a) mental and physical suffering, including any such suffering she is reasonably certain to endure in the future $-0-

(b) reasonable expenses incurred for hospital, medical services, medicines and medical supplies, not to exceed $8,054.55 $8,054.55

TOTAL $8,054.55"

Neither party moved the court to send the jury back to reconsider the verdict. Later, the plaintiff sought a new trial on grounds, *inter alia*, that "because of bias and prejudice, ["the jury"] failed to render a verdict based upon the evidence," and that the verdict, which provided an award for "doctors, hospital and medical expenses" in the total amount claimed, "and yet failed to award Plaintiff any sum of money for mental pain and suffering, ... was arbitrary, capricious and inconsistent...."

Defendant responded to this challenge to the verdict by asserting "[p]laintiff waived her objection to an inconsistent verdict by failing to raise it upon the return of the verdict." The trial court refused to consider granting plaintiff a new trial, apparently for this reason. The Court of Appeals agreed, and affirmed the trial court applying the rule that "[a] deficiency or irregularity in a jury verdict must be objected to at the time the verdict is returned or the objection is waived. *Liberty National Bank & Trust Company v. Gruenberger*, Ky., 477 S.W.2d 503 (1972), *Breathitt Funeral Home v. Neace*, Ky., 437 S.W.2d 490 (1969)." Neither of these two cases are squarely in point because they did not involve a challenge to the jury's award on grounds of inadequacy. Instead, they involved situations where the jury's verdict was inconsistent because it exonerated the agent while holding the principal liable. Nevertheless, there are other cases, spawned by our decision in *Stucker v. Bibble*, Ky., 442 S.W.2d 578 (1969), which can be reasonably construed as applying the waiver principle to the "-0-" award. This approach has been taken somewhat randomly and unpredictably, most recently in

*Horn v. Hancock,* Ky.App., 700 S.W.2d 419 (1985). While not cited in the Court of Appeals' Opinion, these cases are cited in appellee/respondent's briefing on the present appeal.

■ We have accepted discretionary review to consider under what circumstances the waiver principle, which requires a party to move the court to correct a patent inconsistency in the verdict before the jury is discharged or forfeit the right to complain of it thereafter, should apply to the present situation. For reasons that will be stated, we have decided that the waiver principle should not apply where the jury's award specifies "–0–", as contrasted with failing to complete the verdict by leaving it blank.

In *Stucker v. Bibble, supra,* the jury awarded $825 for medical expenses and "nothing for physical pain and mental suffering, loss of earning power, or lost wages," although the "parties had stipulated that the medical expenses amounted to more than $1100 and that such an outlay was reasonable." 442 S.W.2d at 579. It is not entirely clear from the opinion whether this state of facts was revealed by an itemized verdict or whether there was a general verdict for "$825." Nevertheless, subsequent cases applying *Stucker v. Bibble* have done so without regard to whether there was a general verdict or whether the verdict was itemized and specified as in the present case.

In *Stucker v. Bibble,* overruling *Smith v. Webber,* Ky., 282 S.W.2d 346 (1955) and *Wall v. Van Meter,* 311 Ky. 198, 223 S.W.2d 734 (1949), because the plaintiff did not move to send the jury back our Court refused to consider whether the personal injury award was inadequate, applying to this situation the rule of *patent* irregularity:

"[W]hen a deficiency or irregularity in a verdict is at once discernible upon the return of the verdict, any party adversely affected and desiring to invoke judicial relief must call the matter to the court's attention then and there and afford the trial judge the opportunity to have the jury reconsider its verdict and correct its findings. The failure to take such action

at a time when the trial judge yet has the jury available is a waiver of the claimed error." *Id.* at 579.

In the present case the trial court appears to have applied this same principle. This reasoning by the trial court is evident from the question asked of the lawyers when the verdict was returned: "Are there any motions before the court discharges the jury?" In any event, the *sole* basis stated by the Court of Appeals for refusing to review whether the trial court erred in denying the motion for a new trial was its conclusion that the appellant had waived her right to seek a new trial for inadequacy because she failed to move the trial court to send the jury back to correct its verdict before it was discharged.

CR 59.01 provides:

"A new trial may be granted ... for any of the following causes:

. . . .

(d) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court."

The question before us is whether, by thus specifying a deliberate intention to make no award for one (or more) elements of damages, the jury has returned a verdict with a patent irregularity which is waived by failing to timely object, or whether this represents a completed verdict which is subject to challenge as inadequate on motion for a new trial. It is our opinion that this is a complete verdict; that it may be inadequate but it is not inconsistent, and that authority to the contrary is subject to this criticism found in the Dissenting Opinion in *Stucker v. Bibble:*

"Opinions of this kind only serve to confuse and confound lawyers and judges who must try law suits on the trial level. It constitutes another booby trap for the lawyer in the trial of the case."

It is indeed a "booby trap" to send back a jury which has flatly decided that the claimant's pain and suffering is worth nothing to replace the "–0–" with a dollar amount. If "–0–" is inadequate, this forces

the lawyer seeking to represent a litigant who has just been abused by an inadequate jury verdict to further jeopardize his client's interest by asking that this hostile jury reconsider. Erasing the zero and replacing it with a few dollars will not correct the inadequacy. The first verdict as completed should be received and should be subject to a motion for a new trial which should be granted unless there is countervailing evidence such that the jury's verdict, taken as a whole, withstands the test of inadequacy.

Two recent cases illustrate the point at issue, and the law correctly applied. The first is *Hazelwood v. Beauchamp*, Ky. App., 766 S.W.2d 439 (1989), and the second is *Spalding v. Shinkle*, Ky.App., 774 S.W.2d 465 (1989).

In *Hazelwood v. Beauchamp*, the jury awarded the plaintiff all of his medical expenses, $9,440.99, but put a "0" in two blanks, one provided for pain and suffering, and one provided for past and future lost earnings. The trial court then instructed the jury that it had to make an award for pain and suffering, and it then went back and awarded Hazelwood $250 for this item of damages. Hazelwood's post-verdict motion for a new trial was overruled.

On appeal, the Court of Appeals stated: "It was uncontroverted that the appellant's hand was lodged in the ["hay"] baler for a long period of time before he was freed from the machine, that the palm of his hand was crushed and mangled, and that he underwent three surgical procedures." 766 S.W.2d at 441.

The defendant's argument against the appeal was two pronged: that "there was no inadequacy in the $250 award for pain and suffering and that the failure to give the appellant any amount for lost wages was not properly preserved for … review" because the jury was not sent back to correct the "0" for this item. The Court of Appeals opined *both* missing elements of damages were subject to review for inadequacy, disposing of the matter as follows: "It is obvious, we believe, that it is futile to require a jury that has consciously

inserted '0' or its equivalent to reconsider its decision. This is not the same situation as that created when a jury has left a verdict slot blank. Such a verdict is patently irregular or incomplete. Where there is a patent deficiency or irregularity, the procedure set out in *Stucker v. Bibble*, … for reconsideration of its verdict by the jury should be followed. However, it is untenable to utilize that procedure where the jury has deliberately awarded nothing, despite the evidence and instructions to the contrary. Such a verdict is no more incomplete or irregular than had the jury inserted one dollar. It may be defective as contrary to the evidence and the law that relates to the adequacy of an award, but such a defect is one appropriate to be addressed by the trial court upon a motion for a new trial." *Id.* at 440.

We might well be critical of *Hazelwood v. Beauchamp* as a model for following precedent, because arguably it is a departure from *Stucker v. Bibble*. But its reasoning is so much superior to its precedent that we accept *Hazelwood v. Beauchamp* as a better statement of the law for this and future cases.

*Spalding v. Shinkle, supra,* was rendered four months after *Hazelwood v. Beauchamp*, and followed it as a precedent. In *Spalding* the jury awarded damages for medical expenses, lost earnings, past pain and suffering, and permanent impairment of earning power, but then specified "0" for future pain and suffering after having awarded "$1,000" for future medical expenses. The jury was not sent back to "correct" its verdict. The plaintiff's motion for a new trial was denied, and on appeal the defendant challenged the right to complain asserting there was a waiver. The Court of Appeals responded:

"[L]eaving a verdict slot blank would indicate one or more of the following on the jury's part: (1) an oversight, (2) confusion, or (3) refusal to make an award. A blank verdict slot is patently an irregular or incomplete verdict. A blank slot circumstance is controlled by the rule in

*Breathitt Funeral Home v. Neace,....* and confirmed in *Stucker v. Bibble ....*"

. . . .

[But] consciously insert[ing] '0' . . . is not an irregular or incomplete verdict. Therefore, it was not a waiver of error situation. The verdict was no more incomplete than if the jury had inserted $1 for pain and suffering." 774 S.W.2d at 466.

*Spalding* concluded that "the verdict herein was not patently incomplete, ambiguous, inconsistent, irregular or otherwise defective," and, therefore, was subject to the trial court's review under CR 59.01(d) for inadequacy. *Id.* at 466–67. Ultimately, the Court of Appeals affirmed the trial court, *not* on grounds the failure to send the jury back was a waiver but because in the totality of the circumstances the trial court's decision to deny a new trial for inadequacy was not clearly erroneous.

Once again, as we said with reference to *Hazelwood v. Beauchamp,* the Court of Appeals' Opinion in *Spalding v. Shinkle* may be weak on stating the holding in *Stucker v. Bibble,* but it is strong on legal reasoning and an appropriate resolution of when a jury should be sent back to correct the verdict as opposed to receiving the verdict and then reviewing it for inadequacy on motion for a new trial. Accordingly, *Stucker v. Bibble,* and its progeny, are overruled to the extent that they purport to deny consideration of a motion for a new trial on grounds of waiver where the jury has specified "0" for elements of damages but has not been sent back to "correct" its verdict.

■ As we stated at the outset, we infer from the record in this case that the trial court applied the waiver principle in the present case, and thus refused to consider the motion for a new trial on grounds of inadequate damages. That was the view of the trial court's holding expressed by the Court of Appeals. We now hold this approach was error, but because the trial court has never addressed the substance of the question of inadequate damages, having now removed the procedural impediment to such a review we remand the case

to the trial court to decide the underlying question. It is *not* appropriate for us, as an appellate court, to review the grant or denial of a new trial for excessive or inadequate damages unless and until the trial court has first considered the substance of the claim. As stated in *Davis v. Graviss,* Ky., 672 S.W.2d 928, 932–33 (1984), when confronted with this issue:

> ". . . [T]he trial court and appellate court have different functions. . . . the trial court is charged with the responsibility of deciding whether the jury's award appears 'to have been given under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court.' CR 59.01(d). This is a discretionary function assigned to the trial judge who has heard the witnesses first-hand and viewed their demeanor and who has observed the jury throughout the trial.
>
> . . . .
>
> On the other hand, the appellate function is properly described in *Prater v. Arnett,* Ky.App., 648 S.W.2d 82 (1983):
>
> '. . . the appellate court no longer steps into the shoes of the trial court to inspect the actions of the jury from his perspective. Now, the appellate court reviews only the actions of the trial judge . . .'
>
> . . . .
>
> Once the issue [excessive or inadequate damages] is squarely presented to the trial judge, who heard and considered the evidence, neither we, nor will the Court of Appeals, substitute our judgment on excessiveness [or inadequacy] for his unless clearly erroneous."

Whether the award represents "excessive or inadequate damages appearing to have been given under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court," CR 59.01(d), is a question dependent on the nature of the underlying evidence. In *Hazelwood v. Beauchamp, supra,* where the plaintiff's "hand was crushed and mangled" in a hay baler, the proof of pain and suffering, and of lost earnings, was so compelling that the award of "0" was clear-

ly so inadequate that failure to grant a new trial on damages was clearly erroneous. On the other hand, in *Spalding v. Shinkle, supra,* where there was an award of "$1,000" for "reasonably certain future medical expenses, but '0' for future pain and suffering," the Court of Appeals upheld the decision of the trial court not to grant a new trial for inadequate damages stating:

> "There was countervailing evidence of a substantial nature: therefore, the jury was not bound to believe Spalding's version, and they did not, as evidenced by no damages being awarded for the claimed item.... There was no error in the trial court overruling Spalding's motion for a new trial in this regard."

Thus, the trial court must now consider the substance of the appellant/movant's motion for a new trial, and rule on whether "–0–" is adequate for pain and suffering considering the evidence heard by the jury. Its decision, if later appealed, will then be subject to appellate review under the "clearly erroneous" standard.

The within case is remanded to the trial court for further consideration consistent with this Opinion.

All concur.

STEPHENS, C.J., COMBS, LAMBERT, SPAIN and WINTERSHEIMER, JJ., and WILLIAM E. RUMMAGE, Special Justice, sitting.