951 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James McCLINTOCK, Plaintiff-Appellant,
Phyllis McClintock, Plaintiff,
v.
OWENS-ILLINOIS GLASS COMPANY, et al, Defendants,
Pittsburgh Corning Corporation; W.R. Grace & Company,
Defendants-Appellees.
 No. 91-5012.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1991.
 
 Before NELSON and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs[1], James and Phyllis McClintock, filed suit in United States District Court for the Eastern District of Kentucky against twenty-two separate defendants.[2] Jurisdiction is premised upon 28 U.S.C. § 1332, Diversity of Citizenship. Plaintiffs are appealing the Judgment of the District Court entered upon a Jury Verdict and the order of the District Court denying Plaintiffs' Motion For a New Trial. For the reasons stated below, we AFFIRM the District Court's order.
 
 
 2
 * Plaintiff James McClintock is over seventy years old. During his working career he had been employed as a pipe fitter from 1950 to 1983 when he retired at age 65. It is undisputed that his work as a pipe fitter brought him into contact with asbestos dust. Furthermore, James McClintock has been a non-smoker since he quit smoking in 1938.
 
 
 3
 Plaintiff has been diagnosed as having bilateral pleural plaques. It appears this condition may have been caused by his exposure to asbestos. The condition does not appear to be worsening at this time. Expert medical testimony indicated that McClintock does not suffer from asbestosis. Doctors have recommended that McClintock have an annual examination to check his condition. It was conceded, however, that anyone over 70 years of age should have an annual doctor's examination. Plaintiff testified he fears he will contract cancer because of his asbestos exposure.
 
 
 4
 At trial, the jury found in favor of plaintiffs, but awarded them zero dollars in damages. Plaintiffs moved for a new trial, but this motion was overruled. Plaintiffs then brought the present appeal.
 
 II
 
 5
 Plaintiffs contend that the district court erred by not granting their motion for a new trial. They argue that, according to Kentucky law, once a plaintiff has proved he was injured, he is entitled to compensation for all the consequences of the wrong. Plaintiffs further argue that a jury verdict against defendants which awards zero damages is inconsistent and a new trial should have been granted. Plaintiff's arguments are not well taken.
 
 
 6
 "With respect to the applicable scope of review of a District Court decision granting or denying a new trial on the basis of the weight of the evidence, it is well settled that reversal may be predicated only upon an abuse of discretion." TCP Industries, Inc. v. Uniroyal, Inc., 661 F.2d 542, 546 (6th Cir.1981). Furthermore, this court has previously stated:
 
 
 7
 It has long been the rule that a trial judge's denial of a motion for new trial will be reversed only for an abuse of discretion. When the motion for new trial is based on the inadequacy of the verdict an abuse can be found only in extreme cases, such as where the verdict is inconsistent on its face or where the award is substantially less than the unquestionably proven damages.
 
 
 8
 Traylor v. United States, 393 F.2d 837, 839 (6th Cir.1968).
 
 
 9
 Accordingly, this court's review is limited to whether the district court abused its discretion by denying plaintiffs motion for a new trial.
 
 
 10
 The merits of this case must be considered under the applicable law for the State of Kentucky. In Cooper v. Fultz, 812 S.W.2d 497 (1991), the Supreme Court of Kentucky very recently addressed the issue of whether a plaintiff must object to a jury's verdict finding zero damages or whether the award may be challenged as inadequate in a motion for new trial. Implicit in their analysis is the fact that, under Kentucky law, a jury may, in fact, find for the plaintiff but award zero damages. The court when discussing a zero verdict stated, "[i]t is our opinion that this is a complete verdict; that it may be inadequate but it is not inconsistent...." Id. at 499. "The [jury's award] should be received and should be subject to a motion for a new trial which should be granted unless there is countervailing evidence such that the jury's verdict, taken as a whole, withstands the test of inadequacy." Id. at 500.
 
 
 11
 In support of its position, the Cooper court cited Spalding v. Shinkle, 774 S.W.2d 465 (Ky.App.1989), in which the court held that a jury is not bound to believe plaintiff's and her doctor's testimony regarding future pain and suffering in the face of substantial countervailing evidence. In Spalding, although the jury allowed monetary damages for future medical expenses, they awarded plaintiff zero damages for future pain and suffering. The Kentucky Court of Appeals affirmed the trial court's holding that based upon the evidence this was not an inadequate verdict. Accordingly, under Kentucky law a zero damage award to a prevailing plaintiff is not necessarily inconsistent and must be analyzed by the trial court for inadequacy pursuant to Ken. CR 59.01(d) (Motion For a New Trial).
 
 
 12
 In Hazelwood v. Beauchamp, 766 S.W.2d 439 (1989), the Kentucky court of appeals held:
 
 
 13
 Our task is to determine whether the trial court abused its discretion in not granting a new trial in light of the award made. Davis v. Graviss, Ky., 672 S.W.2d 928 (1984). The amount of damages is a dispute left to the sound discretion of the jury, and its determination should not be set aside merely because we would have reached a different conclusion. If the verdict bears any logical relationship to the evidence of loss suffered, it is the duty of the trial court and this Court not to disturb the jury's assessment of damages. Id.
 
 
 14
 Hazelwood, 766 S.W.2d at 440.
 
 
 15
 In the case at bar, we conclude the jury reasonably determined that although plaintiff had been exposed to asbestos through the actions of defendant, he had not suffered any damages. It is undisputed that plaintiff should have an annual examination by a physician, but there was testimony that a man of his age should have an annual medical examination anyway. The record contains no evidence presented of any present impairment. It was the jury's prerogative to disbelieve plaintiff or to award him zero damages for his alleged worries over developing cancer. Based upon the evidence presented, it cannot be said that the jury's verdict was so outrageous or that it bore no relationship to the evidence and thus, a new trial is not required. Hence, it also cannot be said that the trial court abused its discretion by failing to grant plaintiffs' Motion for a New Trial.
 
 
 16
 Furthermore, plaintiffs are precluded from complaining under the "invited error doctrine". The jury was instructed as follows:
 
 
 17
 If you believe from the evidence that in this case that the exposure of plaintiff, James McClintock, to products containing the substance asbestos was a substantial factor in causing injury to the plaintiff, then you shall find for the plaintiff and award him such sums in damages as will fairly and reasonably compensate him for such of the following damages, if any, you believe he has sustained. A, reasonable medical expenses to be incurred resulting from such injury and its complications; B, mental and physical suffering past and future; and C, compensation to the plaintiff for the increased likelihood of future complications.
 
 
 18
 (Joint Appendix P. 103) (Emphasis added).
 
 
 19
 The Kentucky Court of Appeals previously addressed this issue holding:
 
 
 20
 Ordinarily, in a case such as the one we are now considering, the jury would be required to make some award for pain and suffering and for loss of earnings. However, we have held that any inconsistency in the verdict will not require a reversal where a plaintiff, as was done here, had offered an instruction which invited the error complained of afterwards. In the instruction as to damages, tendered in this case and given by the lower court, the reiterated use of the phrase "if any" appears after each item of damages in question. Thus the jury was led to believe it had the right to grant or to deny an award under each of these subjects.
 
 
 21
 Wright v. Jackson, 329 S.W.2d 560, 561 (Ky.1959) (citations omitted).
 
 
 22
 In the instant case the jury was instructed to compensate plaintiffs for damages, if any. Plaintiffs did not object to this instruction. Therefore, it was within the province of the jury to find plaintiff was not damaged.
 
 III
 
 23
 The decision of the District court entered upon the jury verdict is hereby affirmed. The decision of the District Court denying plaintiff's Motion For a New Trial is also hereby affirmed.
 
 
 
 [1]
 James and Phyllis McClintock are husband and wife. Phyllis McClintock's claims are derivative claims arising out of her husband's alleged injuries. For purposes of this opinion any reference solely to plaintiff refers to James McClintock
 
 
 [2]
 At the present time all defendants except the W.R. Grace & Co. have reached a settlement with plaintiffs and have been dismissed from the proceedings leaving W.R. Grace the only remaining defendant