**Sadie PRATER, Appellant,**

v.

**Kevin G. COLEMAN, Appellee.**

**No. 96–CA–0791–MR.**

Court of Appeals of Kentucky.

Nov. 7, 1997.

Rebecca Baylous, Albert B. McQueen, Jr., Lexington, for Appellant.

William S. Kendrick, Prestonsburg, for Appellee.

Before BUCKINGHAM, GUDGEL and HUDDLESTON, JJ.

## OPINION

BUCKINGHAM, Judge.

Sadie Prater (Prater) appeals from an order of the Pike Circuit Court denying her motion for a new trial on the issue of damages for pain and suffering as a result of an automobile accident that occurred when the vehicle in which she was a passenger was rear-ended by a vehicle operated by Kevin G. Coleman (Coleman). For the reasons set forth hereinafter, we vacate and remand for a new trial on the issue of damages for past pain and suffering.

The vehicle in which Prater was riding was stopped in traffic when it was rear-ended by a truck driven by Coleman. Prater did not seek medical treatment for several days following the accident, but she was hospitalized ten days after the accident for a period of six days. Dr. Gopal Majmundar, Prater's family physician, and Dr. Timothy Wagner, an orthopedic surgeon, testified that Prater suffered a cervical sprain or strain with accompanying pain and stiffness due to the accident. Dr. Kenneth Graulich testified on behalf of Coleman that he examined Prater approximately two years after the accident and concluded that she may have suffered a minor sprain to the neck and low back, although he found no objective evidence of injury and felt that her injury should have fully resolved itself by that time.

Coleman admitted liability, and only the issue of damages was presented to the jury. The jury awarded Prater $8,160.13 of the requested $10,932.63 for past medical expenses, $0 in future medical expenses, the full $5,000. requested for lost wages, $0 for permanent impairment of power to earn money, and $0 for pain and suffering. Prater contends that the jury's award of $0 for pain and suffering is inadequate as a matter of law and that the trial court erred in denying her motion for a new trial.

Prater's motion for a new trial on the ground of inadequate damages was filed pursuant to Rules of Civil Procedure (CR) 59.01(d). A trial court's order denying a motion for a new trial on inadequate damages may not be disturbed unless it is clearly erroneous. *Cooper v. Fultz*, Ky., 812 S.W.2d 497, 501 (1991).

A line of cases from the appellate courts of this state has long held that an award of $0 pain and suffering damages is improper and grounds for a new trial when accompanied by an award of medical expenses. *Wall v. Van Meter*, 311 Ky. 198, 201, 223 S.W.2d 734 (1949); *Vittitow v. Carpenter*, Ky., 291 S.W.2d 34, 35 (1956); *Friar v. Webb*, Ky., 394 S.W.2d 583, 584 (1965). Coleman's reliance on *Spalding v. Shinkle*, Ky.App., 774 S.W.2d 465 (1989), is misplaced. The jury in that case awarded the plaintiff damages for past pain and suffering but not for future pain and suffering. We upheld the award of damages for past and future medical expenses and past pain and suffering but no future pain and suffering damages on the ground that the verdict was supported by substantial evidence. *See also American States Ins. v. Audubon Country Club*, Ky., 650 S.W.2d 252, 254 (1983).

We continue to agree with the holding in *Spalding* and *American States* that there is

no blanket rule that a jury must award damages for future pain and suffering where it has awarded future medical expenses. However, there is a distinction between past and future medical expenses which supports different rules in regard to corresponding pain and suffering damages. It would be entirely possible for a jury to find that a plaintiff would incur future medical expenses from an existing injury without suffering any type of pain and suffering. Future medical expenses could consist merely of medical monitoring costs or the administration of preventative medications—both of which could easily impart no pain and suffering—but when a jury has found that a plaintiff has suffered physical injury in the past, there is always a certain amount of pain and suffering involved. "It will not do to say the jury believed it proper for appellee to incur the medical expenses for non-existent injuries." *Friar, supra,* at 584.

Coleman also argues that the Supreme Court of Kentucky in the *Cooper* case refused to hold as a matter of law that a $0 award for pain and suffering was inadequate where medical expenses had been awarded. In that case, the trial court refused to consider the plaintiff's motion for a new trial where damages for medical expenses but not for pain and suffering had been awarded, because the plaintiff had not asked to have the jurors sent back to reconsider their failure to award such damages. Our Supreme Court overruled earlier case law and held that the verdict was complete, that the jury should not be sent back to reconsider the matter, and that the plaintiff had thus not waived her right to seek a new trial for inadequate damages for pain and suffering.

While the Court in the *Cooper* case did not state that a zero award of damages was inadequate as a matter of law, it did state that "[i]t is *not* appropriate for us, as an appellate court, to review the grant or denial of a new trial for excessive or inadequate damages unless and until the trial court has first considered the substance of the claim." *Cooper, supra,* at 501. The *Cooper* Court did not overrule the line of cases holding that an award for past medical expenses must be accompanied by an award for past pain and

suffering, which has long been the law in Kentucky.

In short, the jury in this case found that the plaintiff was injured and awarded her over $8,000 of the nearly $11,000 requested in medical expenses. The failure to award damages for past pain and suffering was improper, and the damages were inadequate. The trial court erred in denying Prater's motion for a new trial.

The order of the Pike Circuit Court is vacated, and the case is remanded for a new trial to determine damages for past pain and suffering.

HUDDLESTON, J., concurs.

GUDGEL, J., concurs by separate opinion.

GUDGEL, Judge, concurring.

I concur in the result reached by the majority, but deem it appropriate to state my views separately. Contrary to the majority, I am unwilling to conclude that as a matter of law, there necessarily must be an award of damages for past pain and suffering in every case in which there is an award of medical expenses.

Indeed, it is certainly not uncommon for a person involved in an accident to consult a physician or go to an emergency room purely as a precautionary measure, even though any pain incurred as a result of the accident is negligible. A jury would be fully justified in awarding medical expenses in such a case even if the plaintiff actually was not injured and even though no grounds would exist for awarding damages for pain and suffering.

Here, I agree that a new trial on damages is required because all of the physicians, including appellee's physician, agreed that appellant was injured in the accident, but disagreed as to the severity of her injury. In this case, since the jury awarded appellant most of the medical expenses which she incurred in treating her injuries, it could not reasonably refuse to award her something by way of damages for the pain and suffering she evidently incurred as a result of those injuries. This is especially true since none of the physicians indicated that appellant's injuries were not accompanied by pain. For

these reasons, I concur in the result reached by the majority.