**Angel DeJESUS, Plaintiff–Appellee,**

v.

**Julia A. ADKINS, P.A.-C; Barry Burchett, M.D.; Keightley and Parsley, PSC, Defendants–Appellants.**

No. 01–5884.

United States Court of Appeals, Sixth Circuit.

Aug. 23, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and CARR, District Judge.*

## ORDER

Defendants appeal a judgment in favor of plaintiff in this medical malpractice action filed under the district court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332(a). The parties have expressly waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

*The Honorable James G. Carr, United States District Judge for the Northern District of

Angel DeJesus filed his complaint and an amended complaint in the district court by counsel alleging that the defendants negligently treated an injury to his forearm. The parties consented to a jury trial of the matter before the magistrate judge. Following trial, the jury returned a verdict in which it found that defendants were negligent, but failed to award any damages to plaintiff. The magistrate judge granted plaintiff a new trial solely with respect to the question of damages. Thereafter, the parties waived their right to a trial by jury, and the question of damages was tried before the magistrate judge. The magistrate judge awarded plaintiff damages totaling $232,248.28, and entered judgment accordingly. Defendants filed a timely notice of appeal.

On appeal, defendants contend that the magistrate judge: (1) abused his discretion in granting plaintiff a new trial on the issue of damages; (2) erred in denying a pretrial motion to limit damages; and (3) erred in granting plaintiff excessive and unsupported amounts of damages. Plaintiff responds that the magistrate judge's rulings were proper. Upon consideration, we will affirm the judgment.

The substantive law of Kentucky applies in this case because jurisdiction is based on diversity of citizenship. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 71–80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, a determination regarding whether a new trial is warranted is made with reference to federal procedural law. *Adam v. J.B. Hunt Transp., Inc.*, 130 F.3d 219, 224 (6th Cir.1997); *Porter v. Lima Mem'l Hosp.*, 995 F.2d 629, 635 (6th Cir.1993). This determination is reviewed only for an abuse of discretion. *See Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 506 (6th

Ohio, sitting by designation.

Cir.1998); *Adam,* 130 F.3d at 224; *Porter,* 995 F.2d at 635. "An abuse of discretion occurs when (1) the district court's decision is based on an erroneous conclusion of law, (2) the district court's findings are clearly erroneous, or (3) the district court's decision is clearly unreasonable, arbitrary or fanciful." *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 551 (6th Cir.1994) (citation omitted). Here, the magistrate judge did not abuse his discretion in granting plaintiff a new trial with respect to the issue of damages.

A brief review of the pertinent facts is helpful. Plaintiff was injured at work when a large piece of equipment fell on him and lacerated his forearm. He was taken to St. Joseph Hospital emergency room for treatment, and was treated by defendant Adkins, who sutured the laceration but did not order an x-ray of the arm. Adkins's supervisor, defendant Burchett, did not examine plaintiff. Plaintiff subsequently was seen by Dr. Kim Stearns, an orthopedic surgeon, after complaining of continuing problems with the arm. Dr. Stearns discovered three foreign particles in plaintiff's forearm, performed surgery, but was able to remove only two of three pieces of glass embedded in the forearm. Dr. Stearns testified that defendants' treatment of plaintiff's injury was negligent. A defense expert testified that defendants' treatment of plaintiff was not negligent and did not cause plaintiff's injuries.

■ Following the initial trial in this case, the jury found that plaintiff bore his burden of proof that defendants were negligent. *See Turner v. Reynolds,* 559 S.W.2d 740, 741 (Ky.App.1977); *Jarboe v. Harting,* 397 S.W.2d 775 (Ky.1965). However, the jury's award of no damages plainly was inconsistent with its finding of negligence in this case, and plaintiff properly requested a new trial or additur. *See*

*Cooper v. Fultz,* 812 S.W.2d 497, 499 (Ky. 1991). While defendants correctly note that a "zero verdict" is not necessarily improper under Kentucky law, an award of no damages is improper where a compensable injury clearly exists. *See Adam,* 130 F.3d at 225. A determination of whether an award is excessive or inadequate depends upon the nature of the evidence presented. *Cooper,* 812 S.W.2d at 501. At a minimum, plaintiff suffered a compensable injury and additional medical expense after defendants did not discover shards of glass in his wound, which had to be surgically reopened to remove the glass. Upon a showing of a compensable injury, an award of damages for pain and suffering is appropriate under Kentucky law without additional proof. *Adam,* 130 F.3d at 224 (citations omitted). Because the jury's award of no damages was inconsistent with its finding of negligence, the magistrate judge did not abuse his discretion in granting plaintiff a new trial limited to the issue of damages. *See Hazelwood v. Beauchamp,* 766 S.W.2d 439, 440–41 (Ky.App. 1989).

■ Further, the magistrate judge properly denied defendants' pretrial motion to limit evidence of plaintiff's lost wages. Before the beginning of the initial trial, counsel for defendants objected to the introduction of evidence of plaintiff's lost wages solely on the ground that plaintiff did not adequately respond to interrogatories regarding the issue. Although defendants also claim for the first time on appeal that plaintiff did not adequately set out a claim for lost wages in his complaint or amended complaint, this claim will not be considered because the claim was not asserted in the district court. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). Defendant's motion is best characterized as a motion for discovery sanctions pursu-

ant to Fed.R.Civ.P. 37, which this court again reviews only for an abuse of discretion. *See Beil,* 15 F.3d at 551; *Taylor v. Medtronics, Inc.,* 861 F.2d 980, 985 (6th Cir.1988). Moreover, defendants must move the court to compel disclosure of a computation of a category of damages required under Fed.R.Civ.P. 26(a)(1)(C), or to compel an answer to an interrogatory, and defendants must certify that they made a good faith effort to secure the disclosure or answer without court action pursuant to Fed.R.Civ.P. 37(a)(2). Here, the magistrate reviewed the matter of plaintiff's lost wages and concluded that the issue was straightforward and was adequately covered during plaintiff's discovery deposition. Under the circumstances of this case, the magistrate judge clearly did not abuse his discretion in denying defendant's motion to restrict proof of plaintiff's lost wages.

■ Finally, defendant's contention that the magistrate judge's award of damages for plaintiff's pain and suffering is excessive and unsupported lacks merit. An award of damages made by a court in a case tried without a jury is a finding of fact, which must stand unless clearly erroneous. *See Meyers v. City of Cincinnati,* 14 F.3d 1115, 1119 (6th Cir.1994); *Neyer v. United States,* 845 F.2d 641, 644 (6th Cir. 1988). An award is within the trial court's discretion absent an award so large as to shock the judicial conscience. *See Stengel v. Belcher,* 522 F.2d 438, 444 (6th Cir. 1975); *Kroger Co. v. Rawlings,* 251 F.2d 943, 945 (6th Cir.1958); *Imperial Oil, Ltd. v. Drlik,* 234 F.2d 4, 10 (6th Cir.1956). As previously noted, an award of damages for pain and suffering is appropriate in this case without additional proof. *Adam,* 130 F.3d at 224. Here, the magistrate judge awarded plaintiff $200,000 for past and future pain and suffering based in part on evidence that plaintiff can expect to experience pain for his life expectancy of 49 years. Defendants correctly note that their most compelling argument that the magistrate judge's award is excessive is that plaintiff sought only $75,000 in his motion for additur following the initial trial of this case. However, an award in excess of an amount previously requested does not necessarily shock the conscience. Further, while the magistrate judge's award may be generous, the award is not so high that it shocks the judicial conscience.

For the foregoing reasons, the judgment is affirmed.