RENDERED: MARCH 27, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0746-MR

SYED AHMED                                                      APPELLANT

v.         APPEAL FROM JEFFERSON CIRCUIT COURT
           HONORABLE JESSICA E. GREEN, JUDGE
           ACTION NO. 20-CI-006604

AIG PRIVATE CLIENT GROUP AND
AIG PROPERTY CASUALTY CO.                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  Syed Ahmed appeals from a jury verdict and an

order denying his motion for a new trial on this issue of damages.  Appellant

argues that the damages award was inadequate based on the evidence and the

jury's verdict on the issue of liability.  He also argues that the trial court erred in

not allowing him to put on certain evidence regarding certain expenses.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On November 26, 2018, a FedEx truck collided with a porte-cochère[1] on Appellant's property.  The collision occurred because the truck was too tall to fit through the archway at the front of the porte-cochère.  The collision caused considerable damage to the brick archway.  Appellant attempted to settle the matter with FedEx, but was unsuccessful.  Appellant eventually contacted his homeowner's insurance company, AIG, to facilitate the repair.

AIG then began the search for bricks that would match those already existing in the archway; however, due to the bricks being over twenty years old, AIG had trouble finding exact duplicates of the existing bricks.  AIG contacted the original brick manufacturer, which was a company in New York.  That company had bricks that AIG deemed to be of like kind and quality; however, Appellant believed the bricks were different in size, color, and texture.  Over the course of about one year, the following repair options were suggested:  (1) remove bricks from a hidden part of a retaining wall on Appellant's property, use those bricks to repair the archway, and then repair the retaining wall with the nonconforming

---

[1] This is a covered archway structure which allows vehicles to drive through it in order to reach the garages of Appellant's home.

bricks from New York; (2) rebrick the entire house with the new bricks so that there would be no discrepancy in the bricks used; and (3) remove bricks from other archways on the house, use those bricks to repair the damaged archway, and then replace the removed bricks with limestone accents. Ultimately AIG chose to only pay for option 1. Based on estimates from a local stonemason, the cost of option 1 was to be $95,913.78. AIG sent Appellant a check for $85,913.78. This represented the cost of option 1 minus Appellant's $10,000 deductible. Appellant did not cash the check and brought the underlying lawsuit.

A jury trial was held in January of 2025. During trial, experts testified about the costs of the three options: option 1, replacing the archway bricks with those from a retaining wall, would cost $95,913.78; option 2, rebricking the entire house with new bricks, would cost between $985,342.62 and $1,638,240.14; and option 3, using bricks from other archways and replacing those with limestone accents, would cost between $351,290.00 and $839,535.64.

At the conclusion of the trial, the jury was given the following instructions:

> **Interrogatory No. 1**:
>
> Are you satisfied from the evidence that Defendants have failed to fulfill their duty to replace and rebuild Plaintiff's home "with materials of like kind and quality" by offering to pay for the cost to remove bricks from the existing retaining wall at Plaintiff's residence in order to

rebuild the subject archway and the retaining wall for a total payment of $85,913.78?

**Interrogatory No. 2**:

If you answered "YES" to Interrogatory No. 1, then you should award to Plaintiff such sum in damages you believe represents an appropriate amount to replace and rebuild Plaintiff's home "with materials of like kind and quality" for the damage that occurred on November 26, 2018.

The jury answered "yes" to interrogatory one and awarded Appellant $100,301.00 under interrogatory two.

Appellant then made a motion for a new trial pursuant to Kentucky Rules of Civil Procedure (CR) 59.01(d), (e), and (f). CR 59.01 states:

A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:

(a) Irregularity in the proceedings of the court, jury or prevailing party, or an order of the court, or abuse of discretion, by which the party was prevented from having a fair trial.

(b) Misconduct of the jury, of the prevailing party, or of his attorney.

(c) Accident or surprise which ordinary prudence could not have guarded against.

(d) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court.

-4-

(e) Error in the assessment of the amount of recovery whether too large or too small.

(f) That the verdict is not sustained by sufficient evidence, or is contrary to law.

(g) Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.

(h) Errors of law occurring at the trial and objected to by the party under the provisions of these rules.

Appellant argued that the jury award was inadequate because the jury found that the replacing of bricks using bricks from the retaining wall was an unsuitable repair option; therefore, they should have awarded an amount consistent with repair options 2 or 3. AIG argued that the jury instructions allowed the jury to find that replacing the archway bricks with retaining wall bricks was an appropriate repair option, but the amount offered by AIG to make said repair was too low. Further, AIG argued that the evidence presented at trial indicated that the costs of the original option 1 estimate had increased by twenty to twenty-five percent and this would account for the jury increasing the option 1 award from $85,913.78 to $100,301.00. The court agreed with AIG and declined to grant a new trial. This appeal followed.

## ANALYSIS

Appellant's primary argument on appeal is that the trial court erred in not granting his motion for a new trial on the issue of damages because the

$100,301.00 award was inadequate based on the evidence.[2]  Our review of a denial

of a CR 59.01 motion is twofold.

> First, the trial court must decide whether one of the
> grounds laid out in CR 59.01 exists.  This is a finding of
> fact and is thus subject to review for clear error.  When
> reviewing a trial court's findings under the clear error
> standard, the appellant court must determine whether or
> not those findings are supported by substantial evidence.
> Though [s]ubstantial evidence is more than a scintilla,
> and must do more than create a suspicion of the existence
> of the fact to be established, it does not mean the
> evidence must be absolutely compelling or lead
> inescapably to but one conclusion.  Rather, substantial
> evidence is [e]vidence that a reasonable mind would
> accept as adequate to support a conclusion, or evidence
> that has sufficient probative value to induce conviction in
> the minds of reasonable men[.]

> Second, upon a proper finding under CR 59.01, the
> trial court must make the discretionary decision whether
> to grant the motion.  Even if the trial court finds that one
> of the grounds exists, it is not bound in every case to
> grant a new trial.  The issue could be moot, or the
> grounds may be off-set by other factors.  But we need not
> imagine every scenario where a court could find that one
> of the CR 59.01 grounds is technically present but still
> properly deny a new trial.  Suffice it to say, whether to
> grant the motion for a new trial is always within the trial
> court's sound discretion and is entitled to a great deal of
> deference by an appellate court.

> Generally speaking, [t]he test for abuse of
> discretion is whether the trial judge's decision was

---

[2] Appellees argue that this issue was not preserved for appeal.  We disagree.  Bringing a motion for a new trial pursuant to CR 59.01 is the proper method to preserve an inadequate jury award issue.  *Cooper v. Fultz*, 812 S.W.2d 497, 499–500 (Ky. 1991).

> arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*CertainTeed Corp. v. Dexter*, 330 S.W.3d 64, 72 (Ky. 2010) (internal quotation marks and citations omitted).

> Appellate courts must give a great deal of deference to a trial court's decision to grant a new trial per CR 59.01. In fact, the trial court's decision whether to grant a new trial is presumptively correct. . . . This high level of deference by an appellate court is necessary because the decision to grant a new trial depends to a great extent upon factors which may not readily appear in the appellate record. Indeed, unlike appellate judges, the trial judge has heard the witnesses firsthand and observed and viewed their demeanor and . . . has observed the jury throughout the trial.

> It is important to remember that the trial court's observations cannot [be] replicate[d] by reviewing a cold record. Consequently, an appellate court is precluded from stepping into the shoes of a trial court in reviewing decisions under CR 59.01.

*Id.* at 71 (internal quotation marks and citations omitted).

With this standard of review in mind, we now examine the jury instructions and the damages award.

> In the civil context, [t]he true test to be applied in reconciling apparent conflicts between the jury's answers is whether the answers may fairly be said to represent a logical and probable decision on the relevant issue as submitted. We therefore must attempt to reconcile the jury's findings, by exegesis, if necessary . . . before we are free to disregard the jury's verdict and remand the case for a new trial.

*Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 580–81 (Ky. 2009) (internal quotation marks and citations omitted).

> [T]he amount of damages is a dispute left to the sound discretion of the jury, and its determination should not be set aside merely because [the court] would have reached a different conclusion. Instead, their decision should be disturbed only in the most egregious circumstances. Courts must refrain from disturbing the jury's assessment of damages [i]f the verdict bears any relationship to the evidence of loss suffered. And [o]nce the issue [of excessive or inadequate damages] is squarely presented to the trial judge, who heard and considered the evidence, a reviewing court on appeal cannot substitute [its] judgment on excessiveness for [the trial judge's] unless clearly erroneous.

*Asbury University v. Powell*, 486 S.W.3d 246, 264 (Ky. 2016) (internal quotation marks and citations omitted).

We agree with the conclusion of the trial court that the jury award was appropriate. The jury instructions could have allowed for the jury to find that replacing the archway bricks with those of the retaining wall was suitable, but that Appellant needed additional compensation. Further, we also agree with AIG that the increased compensation can be accounted for by testimony that the costs of option 1 have increased since the archway was first damaged. If we ignore Appellant's deductible, the original option 1 estimate was $95,913.78. The jury award of $100,301.00 is not too far removed from that amount and bears a

resemblance to the loss suffered by Appellant. The trial court's decision not to grant the motion for a new trial was not clearly erroneous or an abuse of discretion.

Appellant also argues that the trial court erred in not allowing him to put on evidence of increased living expenses. During trial, counsel for Appellant began asking him questions about Appellant's concerns of increased living expenses during construction, such as costs incurred due to being displaced from his home. Counsel for AIG objected and a bench conference ensued. The court believed the testimony would be inappropriate and did not allow it. The court reasoned that an expert would need to testify that Appellant would need to vacate the house and could incur additional expenses. The court would not allow Appellant to set forth specific amounts he might incur without first providing some expert testimony.

The proper standard for review of evidentiary rulings is abuse of discretion. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). We find no abuse of discretion here. The potential costs Appellant was wanting to testify to were entirely speculative. Appellant points to no evidence in the record that he would even have to vacate his home while the porte-cochère was repaired or that other expenses might be incurred outside of the repair costs.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. Appellant was not entitled to a new trial because the jury's award was reasonably based on the evidence presented at trial. Further, the court did not err in denying Appellant the opportunity to testify about speculative costs.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Edward L. Lasley
Kenneth A. Bohnert
Louisville, Kentucky

BRIEF FOR APPELLEES:

Charles H. Stopher
Bethany A. Breetz
April M. J. Sain
Louisville, Kentucky