Susan D. MILLER, Appellant,

v.

Roger E. SWIFT, Sandra L. Jacobs, Generali–U.S. Branch, and West American Insurance Company, Appellee.

No. 1999–SC–0991–DG.

Supreme Court of Kentucky.

Jan. 25, 2001.

Rehearing Denied April 26, 2001.

J. Andrew White, Michael R. Slaughter, Louisville, Counsel for Appellant.

Michael J. Darnell, Kenneth W. Lampe, Louisville, Counsel for Appellees, Roger E. Swift and Generali–U.S. Branch.

Lloyd A. Thomas, Louisville, Counsel for Appellee, Sandra L. Jacobs.

Chester A. Vittitow, Jr., Louisville, Counsel for Appellee, West American Insurance Company.

KELLER, Justice.

## I.  ISSUE

In this automobile accident case, the jury awarded Susan Miller damages for medical expenses and lost wages but awarded no damages for pain and suffering by writing a zero ("0") on that portion of the verdict form.  Miller contends that the trial court erred in denying her motion for a new trial which alleged that the jury's zero pain and suffering award was inadequate as a matter of law because it was inconsistent with the jury's award of damages for medical expenses and lost wages.  Because the evidence at trial supported a finding by the jury that Miller did not suffer additional pain as a result of the accident, we find the jury's pain and suffering award legally proper and hold that the trial court acted within its discretion in denying Miller's motion for a new trial.

## II. FACTS

Miller, the operator of one of the automobiles involved in a two-automobile accident, initiated this personal injury action against the operator of the other vehicle, Roger Swift.[1] Miller sought to recover damages for personal injuries she allegedly suffered as a result of the accident. Both Miller and Swift asserted that the other was responsible for the accident. The jury found both at fault and returned a verdict which apportioned 60% of the fault to Swift and 40% to Miller.

In addition to seeking recovery for her medical expenses and lost wages, Miller sought damages for pain and suffering. Miller claimed that the accident resulted in enhanced pain in addition to the pain she suffered prior to the accident from rheumatoid arthritis, carpal tunnel syndrome, gastritis and problems with her knee and shoulder. Based on the pain associated with Miller's pre-existing condition, however, Swift claimed that Miller suffered no additional pain as a result of the accident. A considerable amount of testimony during the three-day trial related to the question of Miller's damages for pain and suffering.

The jury returned a verdict[2] awarding Miller damages as follows:

(a) For her pain and suffering which she has endured in the past, and is reasonably certain to endure in the future, (not to exceed $30,000.00, the amount claimed); $ 0

(b) For her past medical expenses, (not to exceed $5,951.11, the amount claimed); $3570.67

(c) For her lost wages, (not to exceed $2,831.36, the amount claimed); $1698.82

Miller filed a motion for a new trial[3] on the ground that the jury's pain and suffering award was inadequate as a matter of law. The trial court denied Miller's motion for a new trial and entered judgment[4] upon the jury's verdict. The Court of Appeals, in a split 7–6 en banc[5] opinion, affirmed the trial court's judgment and denial of Miller's motion for new trial. Miller sought discretionary review in this Court, which we granted, and we now affirm the Court of Appeals.

## III. STANDARD OF REVIEW

■ Miller alleges that the trial court erred when it denied her motion for a new

---

1. Swift counterclaimed against Miller for his own personal injuries and for property damage to his vehicle. At the close of Swift's evidence, the trial court determined that he "failed to produce any competent medical evidence or proof that he [had] sustained any injuries as a result of the accident" and granted a directed verdict dismissing Swift's personal injury claim. Appellee Sandra Jacobs, a passenger in Swift's automobile, intervened in the litigation and sought damages for her injuries.

2. The verdict was signed by nine (9) of the twelve (12) jurors.

3. *See* CR 59.01(d):

   A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:

   . . .

(d) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court.

4. Since Miller's remaining damages, totaling $5269.48, fell below the Motor Vehicle Reparations Act tort liability threshold of $10,000.00, the judgment dismissed Miller's complaint. *See* KRS 304.39–060; KRS 304.39–110; *Stone v. Montgomery,* Ky.App., 618 S.W.2d 595 (1981); *Dudas v. Kaczmarek,* Ky.App., 652 S.W.2d 868 (1983).

5. Court of Appeals Judge McAnulty did not sit since he had been the trial judge in the case.

trial. Our review, therefore, is limited to whether the trial court's denial of her motion was clearly erroneous:

Our recent decision in *Cooper v. Fultz,* Ky., 812 S.W.2d 497 (1991), laid to rest any confusion which previously existed with respect to such appellate review. We began by declining any review until the trial court had first considered the substance of the claim and quoted with approval from *Davis v. Graviss,* Ky., 672 S.W.2d 928 (1984), which described a CR 59.01 ruling as "a discretionary function assigned to the trial judge who has heard the witnesses firsthand and observed and viewed their demeanor and who has observed the jury throughout the trial." Id. at 932. We followed *Prater v. Arnett,* Ky.App., 648 S.W.2d 82 (1983), in which the appellate court was held to be precluded from stepping "into the shoes" of the trial court, and precluded from disturbing its ruling unless it was found to be clearly erroneous.

Our decision in *Cooper* amounts to a recognition that a proper ruling on a motion for new trial depends to a great extent upon factors which may not readily appear in an appellate record. Only if the appellate court concludes that the trial court's order was clearly erroneous may it reverse.[6]

Accordingly, if the jury's verdict of zero damages for pain and suffering is supported by evidence, the trial court was not clearly erroneous in denying Miller's motion for a new trial.

## IV. ADEQUACY OF JURY'S PAIN AND SUFFERING AWARD

■ Miller argues that the trial court abused its discretion and erred as a matter of law when it denied her motion for a new trial because the jury's failure to award her any amount of money for pain and suffering was contrary to the evidence and inconsistent with its award of more than $5000 for medical expenses and lost wages. After a review of the record, we find that the trial court acted within its discretion in determining that the jury's verdicts were legally and factually consistent.

Miller's argument presupposes legal inconsistency when a jury awards damages for medical expenses and lost wages, but awards no damages to compensate the plaintiff for pain and suffering. The law in Kentucky, however, does not require a jury to award damages for pain and suffering in every case in which it awards medical expenses. In *Cooper v. Fultz,*[7] this Court, faced with a jury verdict similar to the one now before us, remanded the case for the trial court to determine the adequacy of a jury's award, and plainly avoided holding such a verdict inconsistent or inadequate as a matter of law:

The question before us is whether, by thus specifying a deliberate intention to make no award for one (or more) elements of damages, the jury has returned a verdict with a patent irregularity which is waived by failing to timely object, or whether this represents a completed verdict which is subject to challenge as inadequate on motion for a new trial. *It is our opinion that this a complete verdict; that it may be inadequate but it is not inconsistent . . . .*

It is indeed a "booby trap" to send back a jury which has flatly decided that the claimant's pain and suffering is worth nothing to replace the "–0–" with a dollar amount . . . Erasing the zero and replacing it with a few dollars will not correct the inadequacy. *The first ver-*

6. *Turfway Park Racing Ass'n v. Griffin,* Ky., 834 S.W.2d 667, 669 (1992).

7. Ky., 812 S.W.2d 497, 502 (1991).

*dict as completed* should be received and *should be subject to a motion for a new trial which should be granted unless there is countervailing evidence such that the jury's verdict, taken as a whole, withstands the test of inadequacy.*[8]

In *Cooper,* this Court explained that it remanded the case back to the trial court because the "inadequacy" inquiry requires evaluation of the evidence submitted at trial:

> *Whether the award represents* "excessive or *inadequate damages* appearing to have been given under the influence ꞌof passion or prejudice or in disregard of the evidence or the instructions of the court," CR 59.01(d), *is a question dependent on the nature of the underlying evidence.* In *Hazelwood v. Beauchamp,* [Ky.App., 766 S.W.2d 439 (1989) ], where the plaintiff's "hand was crushed and mangled" in a hay baler, the proof of pain and suffering, and of lost earnings, was so compelling that the award of "0" was clearly so inadequate that failure to grant a new trial on damages was clearly erroneous. On the other hand, in *Spalding v. Shinkle,* [Ky.App. 774 S.W.2d 465 (1989) ], where there was an award of "$1,000" for "reasonably certain future medical expenses, but '0' for future pain and suffering," the Court of Appeals upheld the decision of the trial court not to grant a new trial for inadequate damages stating:

> "There was countervailing evidence of a substantial nature; therefore the jury was not bound to believe Spalding's version, and they did not, as evidenced by no damages being awarded for the claimed item. . . There was no error in the trial

court overruling Spalding's motion for a new trial in this regard."

*Thus, the trial court must now* consider the substance of the appellant/movant's motion for a new trial, and *rule on whether "–0" is adequate for pain and suffering considering the evidence heard by the jury.*[9]

In *Cooper,* this Court rejected the contention that a jury's pain and suffering award was automatically inadequate as a matter of law when a jury intentionally indicated no pain and suffering award but awarded damages for medical expenses or lost wages. Instead, the *Cooper* Court remanded the matter for the trial court to determine whether, based upon the evidence submitted at trial, the jury's pain and suffering award was adequate.

It appears that some confusion has resulted from *Prater v. Coleman,*[10] where a three-judge panel of the Court of Appeals misconstrued the *Cooper* holding and remanded a similar case for a new trial. In the case now before us, however, we believe the majority of the en banc panel correctly interpreted *Cooper.* We now overrule *Prater v. Coleman* to the extent it holds that a "0" award of pain and suffering damages, regardless of the evidence, is inadequate as a matter of law when accompanied by awards for medical expenses and lost wages.

Because the parties litigated the question of whether Miller endured additional pain and suffering as a result of this collision and Swift solicited testimony which would support the jury's conclusion, we hold that the trial court did not abuse its discretion in denying Miller's new trial motion. One of the issues that this jury was empaneled to decide was whether the accident aggravated or aroused Miller's

8.  *Id.* at 500 (emphasis added).

9.  *Id.* at 502 (emphasis added).

10.  Ky.App., 955 S.W.2d 193 (1997).

pre-existing pain, and the parties actively contested this factual issue. The trial court properly instructed the jury regarding permissible damages for pain and suffering when pre-existing conditions may have been aggravated,[11] and the jury concluded, on the basis of the evidence submitted to it, that Miller was not entitled to compensation for this item of damages. Even though they awarded Miller over $5000 in medical expenses and lost wages, the jury made a conscious decision to award nothing for pain and suffering.

The civil justice system uses juries to decide exactly these types of factual disputes, and the testimony and evidence at trial in this case contained substantial support for the jury's verdict. Both parties presented the jury with probative evidence on the issue of whether this collision caused Miller any additional pain and suffering, and the trial court properly denied Miller's motion for a new trial.

For the foregoing reasons, we affirm the judgment of the Court of Appeals.

COOPER, JOHNSTONE and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents by separate opinion, with LAMBERT, C.J. and STUMBO, J., joining that dissent.

GRAVES, Justice, Dissenting.

Appellant, Susan D. Miller, is a blue collar worker who performed manual labor her entire life. She was impaired by chronic arthritis at the time she was involved in an automobile collision. As a result of the collision, she experienced shoulder, chest, and knee pain. Dr. Peter Jannace testified that Appellant had an acute injury superimposed on a chronic condition of arthritis. It is clear from the record that the automobile collision exacerbated her pre-existing impairments and inflicted additional injuries upon Appellant. The jury awarded the full amount of her medical bills and lost wages, but gave zero damages for pain and suffering.

Dr. Thurman, M.D., a physiatrist, treated Appellant for the injuries sustained in the automobile accident, and testified that she had black and blue discoloration to the right upper anterior chest and shoulder, secondary to the trauma from the seat and harness belt. He opined that Appellant suffered a bruise to the acromioclavicular joint. He testified that within a week of the collision, Appellant developed pain in the right knee when standing and walking, as well as swelling of the lateral aspect of the joint line of the right knee with accompanying pain in this area. Dr. Thurman testified that Appellant also had a sprain of the coronary ligaments of the lateral meniscus of the knee which he related to the automobile collision.

Upon such evidence, it is inconceivable that damages for pain and suffering were not awarded. It is irrational for a jury to find that Appellant was unable to work and that needed medical treatment was rendered, yet she experienced no pain and suffering. Such a verdict is illogical and inconsistent with human experience. When an injured party has medical bills that are reasonably related to the collision, and they are accrued in good faith and are not merely diagnostic, it must be presumed that compensable injury occurred. Had the verdict been adequate but ungenerous, there would be no error. However, "0" is inadequate as well as inconsistent with the balance of the verdict.

A majority of the Court of Appeals opined that Appellant's pre-existing injury and condition may well have rendered her in a condition such that the auto collision

---

11. *See Drury v. Spalding*, Ky., 812 S.W.2d 713 (1991).

inflicted no additional pain and suffering. However, the jury did not receive any conflicting evidence with respect to injuries inflicted by the auto collision. Appellant manifested many new symptoms (bruising, locking knee joint, etc.) in addition to her pre-existing arthritis. She had acute symptoms superimposed upon chronic problems. Diagnostic studies verified that Appellant received a new injury.

Damages for pain and suffering are a significant part of our compensation system. The right to these damages has been long recognized in our jurisprudence. In the case of *Schriewer v. Schworer*, Ky., 296 Ky. 749, 178 S.W.2d 598, 599 (1944), where the jury awarded no pain and suffering damages even though medical expenses were compensated, this Court stated:

> The sum found by the jury is the exact sum established by the evidence for the doctor and nursing, and the jury specifically stated in its verdict that the sum found was for doctor and nursing. These facts are conclusive that the jury found nothing for pain and suffering of the decedent, which is contrary to all the evidence as well as the presumption of law that decedent did suffer pain.... 

This well-established holding states that the right to damages for pain and suffering is presumed when palpable injury exists. Our predecessor Court also stated in *Howard v. Henderson Traction Co.*, Ky., 121 S.W. 954, 955 (1909), the following with respect to a plaintiff's entitlement to pain and suffering damages:

> This court has so often held, in personal injury cases, that a recovery may be had for all pain and suffering endured as a direct or proximate result of the injury that a citation of the authorities is deemed unnecessary. In all cases where this question has arisen, a recovery has been permitted, where the facts justified a recovery at all, not only for the pain and suffering endured before

the trial, but for such as the evidence shows it is reasonably certain the plaintiff will thereafter endure as the direct or proximate result of the injury, and in an instruction upon this point the plaintiff is as much entitled to have the jury told that he may recover for pain and suffering which he may thereafter endure as he is that he may recover for such pain and suffering as he has theretofore endured; and it will not do for the trial judge, where there is any substantial evidence showing that there is likelihood that the plaintiff will still continue to suffer because of the injury, to refuse to give the jury an instruction such as was asked in this case.

Hence the entitlement to damages for pain and suffering is firmly rooted in our jurisprudence, and failure to award same, when evidence is presented proving injury, is erroneous.

In *Schmeltekopf v. Johnson Well Service*, 810 S.W.2d 865 (Tex.App.1991), the Texas Court of Appeals reviewed a case wherein the defendant was found 85% liable by a jury who then returned no damages. With respect to the jury's actions, the Court stated:

> A jury's failure to find a fact need not be supported by any evidence, but the jury may not refuse to find a fact in the face of overwhelming evidence of the existence of the fact. *Russell v. Hankerson* 771 S.W.2d 650, 653 (Tex.App.1989). A jury is not at liberty to disregard evidence that an injury has occurred and to refuse to award damages.

*Id.* at 869. Essentially, the jury below in the instant case refused to award damages even though they were confronted with overwhelming evidence of same.

In *Maier v. Santucci*, 697 A.2d 747 (Del. 1997), the Supreme Court of Delaware addressed a case in which a directed verdict on liability was entered and a "0" award of damages was returned by the jury, pre-

sumably in response to the vigorous defense that the pain and suffering of the plaintiff was largely caused by pre-existing arthritis. The Court held, "[i]n light of the uncontradicted medical testimony that [Plaintiff] suffered an injury as a result of the accident, the jury's award of $0 damages is inadequate and unacceptable as a matter of law." *Id.* at 749.

Here, the jury found that Appellant could not go to work and had medical bills related to injuries received in the accident. It further found that the medical bills were accrued in good faith, as it returned a verdict for their total amount. The jury obviously accepted that an injury took place, but believed that it was somehow sustained without compensable pain and suffering. Such a conclusion flies in the face of ordinary experience and logic.

Further, it is inhumane to deny damages for pain and suffering to one who already has pre-existing pain. This draws a "bull's eye" on the infirm and handicapped. It unconstitutionally sets them apart as a different class of citizens with different tort rights. This is an especially unfortunate rule of law in a country which is supposed to be in the process of vindicating the rights of the infirm with such legislation as Americans with Disabilities Act. Further, in a state with an aging population, are we to understand that our tort rights diminish as we become infirm and impaired from the degenerative aging process? Will we eventually become too old to experience suffering at the hand of a wrongdoer? If such is the case, the alternative to old age may well be a better choice.

LAMBERT, C.J. and STUMBO, J., join in this dissent.