**Leeanna BLEDSAW; and State Farm Mutual Automobile Insurance Company, Appellants,**

v.

**Curtis DENNIS; and Yellow Cab Company of Louisville, Appellees.**

No. 2005–CA–000903–MR.

Court of Appeals of Kentucky.

July 7, 2006.

Mark Joseph Smith, Louisville, KY, for appellants.

Bradley D. Harville, Louisville, KY, for appellees.

Before TAYLOR and VANMETER, Judges; EMBERTON, Senior Judge.[1]

## OPINION

VANMETER, Judge.

Leeanna Bledsaw appeals from a judgment entered by the Jefferson Circuit Court relating to her claim for personal injury damages arising out of a motor vehicle accident. For the reasons stated hereafter, we affirm.

On December 7, 2000, Bledsaw's vehicle collided with a vehicle driven by Curtis Dennis and owned by the Yellow Cab Company of Louisville. Bledsaw subsequently filed a personal injury action against Dennis and Yellow Cab. Because Dennis and Yellow Cab stipulated to liability, a trial was held as to personal injury damages only. The jury awarded Bledsaw her full medical expenses of $3,560.63, but it awarded $0.00 for pain and suffering. The trial court entered judgment for Bledsaw but reduced her award to zero pursu-

1. Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

ant to KRS 304.39–060(2)(a).[2] Bledsaw then filed alternative motions either to amend the judgment, or for a new trial pursuant to her CR 59.01(d) claim of inadequate damages.[3] The trial court denied both motions. Bledsaw appeals.

██ A trial court's decision to grant or deny a motion for a new trial based on inadequate damages " 'is a discretionary function assigned to the trial judge who has heard the witnesses firsthand and viewed their demeanor and who has observed the jury throughout the trial.' "[4] Thus, we will not disturb a trial court's order denying such a motion so long as the order is supported by evidence [5] and thus is not clearly erroneous.[6]

██ As acknowledged by both parties, the Kentucky Supreme Court held in *Miller v. Swift* that "[t]he law in Kentucky . . . does not require a jury to award damages for pain and suffering in every case in which it awards medical expenses."[7] More recently, the Supreme Court stated that "the general principle advanced in *Miller*—that a zero verdict for pain and suffering may sometimes be appropriate— is not constrained to the facts of that case. Rather, that principle is broadly applicable

to cases which claim this type of error."[8] Although she does not cite to any part of the record in support of her claim for relief, Bledsaw attempts to distinguish *Miller* by arguing that it does not apply if, as here, the plaintiff's evidence is uncontroverted. However, the Supreme Court recently rejected a similar argument in *Bayless v. Boyer*, noting that despite claims that the evidence of the plaintiff's "pain and suffering was uncontroverted, there were numerous instances where relevant testimony on the subject was either impeached or contradicted."[9]

Similarly, here, Bledsaw testified and provided evidence that after the accident, she sought medical attention from two hospital emergency rooms, a chiropractor, and a pain doctor due to lower back pain. However, Bledsaw also testified that although the collision occurred while she was driving at approximately thirty miles per hour while not wearing a seat belt, no part of her body was thrown about the interior of her vehicle. She did not request any medical care immediately after the accident, instead telling several individuals that she was "okay." The collision left no visible injury on her, and the police report listed the collision as a "non-injury acci-

**2.** KRS 304.39–060(2)(a) provides: "Tort liability with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance, or use of a motor vehicle is 'abolished' for damages because of bodily injury, sickness or disease to the extent the basic reparation benefits provided in this subtitle are payable therefor, or that would be payable but for any deductible authorized by this subtitle, under any insurance policy or other method of security complying with the requirements of this subtitle, except to the extent noneconomic detriment qualifies under paragraph (b) of this subsection."

**3.** Under CR 59.01(d), a new trial may be granted for "[e]xcessive or inadequate damages, appearing to have been given under the influence of passion or prejudice or in disre-

gard of the evidence or the instructions of the court."

**4.** *Cooper v. Fultz*, 812 S.W.2d 497, 501 (Ky. 1991) (quoting *Davis v. Graviss*, 672 S.W.2d 928, 932 (Ky.1984)), *abrogation on other grounds recognized by Sand Hill Energy, Inc. v. Ford Motor Co.*, 83 S.W.3d 483 (Ky.2002).

**5.** *Miller v. Swift*, 42 S.W.3d 599, 601 (Ky. 2001).

**6.** *Bayless v. Boyer*, 180 S.W.3d 439, 444 (Ky. 2005).

**7.** 42 S.W.3d at 601.

**8.** 180 S.W.3d at 444–45. (Citations omitted).

**9.** Id. at 445.

dent." Her first emergency room discharge released her to work the next day without work limitations. Moreover, no injuries were revealed by the x-rays which were taken during her second emergency room visit several days later. Bledsaw further testified that she did not remember who referred her to the chiropractor whom she saw only after obtaining the assistance of counsel. Finally, the evidence showed that Bledsaw was able to resume her normal school and work activities after a several-week holiday break.

As we have stated, "[a] jury is not bound to believe a plaintiff or her doctors."[10] Given our review of the record, we cannot say that the jury's verdict was not supported by the evidence, or that the trial court clearly erred by failing to grant a new trial.

The judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

---

10. *Spalding v. Shinkle,* 774 S.W.2d 465, 467 (Ky.App.1989).