Freeman Nathan Kyle DENNIS,
Appellant/Cross–Appellee,

v.

Gay FULKERSON, M.D., and Gay
Fulkerson, M.D., P.S.C., Appel-
lees/Cross–Appellants.

Nos. 2009–CA–001367–MR,
2009–CA–001422–MR.

Court of Appeals of Kentucky.

June 24, 2011.

Theodore L. Mussler, Jr., Louisville, KY, Ronald E. Hines, Elizabethtown, KY, for appellant.

Jason E. Taylor, Craig L. Johnson, Louisville, KY, for appellee.

Before THOMPSON, VANMETER, and WINE, Judges.

## OPINION

WINE, Judge:

Freeman Nathan Kyle Dennis ("Dennis") appeals from the denial of his Kentucky Rule of Civil Procedure ("CR") 59.01 motion for a new trial by the Grayson Circuit Court in his medical negligence case. On appeal, he contends that the jury verdict was inadequate and merits reversal. Gay Fulkerson, M.D., and Gay Fulkerson, M.D., P.S.C., cross-appeal the Grayson Circuit Court's denial of her CR 59.05 motion to alter, amend, or vacate the judgment on the ground that the award of past medical expenses was "written off" by the hospital. Upon review, we affirm the appeal, 2009–CA–001367–MR, and reverse and remand the cross-appeal, 2009–CA–001422–MR.

## History

Dennis presented to the emergency room of the Twin Lakes Regional Medical Center in Grayson County, Kentucky on December 19, 2005. He was seen by an emergency room doctor, Dr. Lyle, and his care was then transferred to an on-call family care physician, Dr. Fulkerson. Dennis was initially diagnosed with Gastroenteritis. However, Dennis was later found to have Appendicitis. His appendix ruptured and surgery was required to remove the organ. Dennis apparently experienced much pain and suffering in the interim between his initial misdiagnosis and final diagnosis and surgery.

Dennis sued both Dr. Lyle and Dr. Fulkerson, alleging failure to timely diagnose and treat his Appendicitis, which he claimed allowed him to suffer during periods of medical inaction, allowed his appendix to rupture, increased the size of the incision needed to perform the surgery (from approximately 2 inches to approximately 8 inches), and contributed overall to his greater pain and suffering and recovery time.

Dennis's case was tried before the Grayson Circuit Court. The jury found no liability on the part of the emergency room doctor, Dr. Lyle. However, the jury returned an award of $4,000 for past medical expenses, $0 for lost wages, and $0 for pain and suffering against Dr. Fulkerson. Thereafter, Fulkerson filed a motion to vacate the judgment on the ground that Dennis never paid the Twin Lakes Regional Medical Center and that the award would result in a windfall to Dennis because the Medical Center "wrote off" his entire hospital bill. Dennis then filed a motion for a new trial on the ground that the verdict was inadequate because the jury failed to award any amount for pain and suffering or lost wages.

The trial court denied both motions. Dennis now appeals, and Fulkerson cross-appeals.

## Analysis

Dennis alleges that the trial court erred by denying his motion for a new trial based on inadequate damages. Our review of this question is limited to whether

the trial court's denial of his motion was clearly erroneous. *Miller v. Swift*, 42 S.W.3d 599 (Ky.2001); *Bayless v. Boyer*, 180 S.W.3d 439, 444 (Ky.2005).

We also consider the allegation in Fulkerson's cross-appeal that the trial court erred by denying her CR 59.05 motion to alter, amend, or vacate the judgment. A trial judge's ruling pursuant to CR 59.05 is reviewed by this Court for abuse of discretion. *Bowling v. Kentucky Dept. of Corrections*, 301 S.W.3d 478 (Ky.2010).

### Adequacy of Jury Award

■ We first address Dennis's claim on appeal that the jury award was inadequate because the jury awarded $0 for pain and suffering, while awarding $4,000 for past medical expenses. We acknowledge at the outset that an award of zero damages for pain and suffering is not *necessarily* inadequate as a matter of law. *Miller v. Swift*, 42 S.W.3d at 602. Rather, the current law in Kentucky "does not require a jury to award damages for pain and suffering in every case in which it awards medical expenses." *Id.* at 601. Indeed, the question of whether an award "represents 'excessive or inadequate damages appearing to have been given under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court,' [under] CR 59.01(d), is a question dependent on the nature of the underlying evidence." *Id., quoting Cooper v. Fultz*, 812 S.W.2d 497, 501 (Ky.1991). Thus, the primary focus in a case like the present one, where damages are not awarded for pain and suffering despite a finding of liability and award for medical expenses, is on the nature of the underlying evidence rather than the "zero" damage award.

Just because the verdict may not be inadequate as a matter of law does not negate the possibility that an award of "zero" damages may be unsupported by the evidence in a particular case, meriting reversal. *See, e.g., Hazelwood v. Beauchamp*, 766 S.W.2d 439 (Ky.App.1989). Indeed, resolution of this issue requires that we review the record to determine whether a "zero" award for damages was supported by the evidence to any extent so that we may determine whether the trial court was clearly erroneous in determining that a new trial was not warranted.

In the present case, the undisputed evidence showed that Dennis presented to the Twin Lakes Regional Medical Center emergency room on Monday, December 19, 2005, for treatment. The evidence was conflicting, however, as to whether Dennis's appendix had already ruptured by the time he arrived in the emergency room. Nonetheless, all of the experts agreed that it had ruptured *either* prior to this time *or* around the same time that he presented to the emergency room. Regardless of when Dennis's appendix ruptured, the testimony was undisputed that he would have required surgery whether diagnosed on Monday or diagnosed (as he ultimately was) on Wednesday.

Dennis's argument essentially is that he could have undergone surgery one to two days earlier if the diagnosis had been made promptly. He further argues that the surgery required on Wednesday was a more invasive procedure requiring a larger incision (i.e.—that the procedure could have been completed laparoscopically if he had been diagnosed immediately), and that the pain, healing process, and recovery time were all exacerbated and extended by the more invasive surgery required on Wednesday. Dennis argues that because he had additional pain and suffering while awaiting a correct diagnosis, and because his recovery period was extended from approximately two weeks to approximately two months, a zero pain and suffering

award was contrary to the evidence presented.[1]

This case bears some similarities to the case of *Bayless v. Boyer, supra*, in that both cases involve a claim of misdiagnosis for a specified period and the parties each alleged pain and suffering during the interim period of misdiagnosis. In *Bayless v. Boyer*, a young boy, Michael Bayless, fractured his wrist while playing with friends. He was taken to the emergency room where emergency room doctors failed to properly diagnose his fractured wrist. The wrist fracture was misdiagnosed as a sprain, and Michael returned home and continued with his normal life. In fact, despite alleged pain in his wrist, Michael continued to play baseball regularly and, in fact, finished out the baseball season after learning the wrist was fractured. The wrist could not be placed in a cast due to the length of time between the fracture and treatment, and thus, Michael required surgery to repair the wrist. Michael argued that the failure to initially diagnose the fracture led to a wrist surgery which could have been avoided if properly diagnosed from the outset.

Michael was awarded medical expenses but was awarded $0 for pain and suffering by the jury. The *Bayless* Court affirmed the zero damage award, noting that Michael's complaints about pain were not supported by the record as Michael continued to play baseball for months after the injury (the jury in *Bayless* also apportioned part of the fault to Michael for the injury as he failed to take action to address the injury promptly after discovering the fracture). Further, the Court found that the zero damage award was not clearly erroneous because Michael's own testimony contradicted his claims of wrist pain where the record supported that on numerous occasions during the disputed period, Michael claimed to have stated that he had "no pain".

Like Michael, Dennis makes a claim for pain and suffering for the interim period between the misdiagnosis and the ultimate diagnosis and surgery. However, unlike in *Bayless, supra*, no action that Dennis took or failed to take could have changed his circumstances. In fact, only diagnosis by a doctor could have led to earlier surgery which might have avoided him developing a "pus filled" abdominal cavity which required an eight-inch incision to allow for debridement of infectious material and removal of the appendix.

In another similar case, *Miller v. Swift, supra*, the plaintiff was a woman who suffered from a host of various chronic illnesses prior to a car accident. Although the case did not involve a misdiagnosis, it dealt with a "zero" damage award for pain and suffering. The Supreme Court upheld a "zero" damage award for pain and suffering in that case because it found that the evidence would have supported a finding that her previous conditions and illnesses were the cause of her pain and suffering and that the car accident did not act to exacerbate or worsen the pain or conditions she already had.

This case is similar to *Miller v. Swift, supra*, in that Dennis was going to require surgery regardless of whether he was diagnosed on Monday or Wednesday. While there was some evidence that the surgery he ultimately required was more invasive, there was also expert testimony that his appendix may have perforated 12 to 24 hours before he ever presented to the

---

1. Fulkerson failed to make any citations to the record in the section of her brief responding to Dennis's argument that a "zero" pain and suffering award was contrary to the evidence. CR 76.12(4)(c)(v); CR 76.12(4)(d)(iii) and (iv). We do not strike this portion of her brief, but instead choose to give little credence to the arguments espoused therein.

emergency room. Based upon this, the jury could have determined that, even if the diagnosis had been made earlier, infection may have *already* spread through his abdominal cavity (which would have necessitated the more invasive surgery anyway). Accordingly, while the jury certainly could have reached a different conclusion based upon the evidence presented, the conclusion it reached with respect to pain and suffering was nonetheless supported by the evidence. Accordingly, we do not find that the trial court clearly erred by refusing to grant Dennis's motion for a new trial based on inadequate damages on this ground.

■ In this case, the jury also awarded "zero" damages for lost wages. However, this award is much less problematic. The evidence showed that Dennis was unemployed at the time of his appendicitis and emergency room visit. Although Dennis testified that he was supposed to report for a job that day, the jury could have chosen to disbelieve this testimony as no other evidence was produced to show that Dennis was, in fact, set to report to work that day. Moreover, damages for this time period would have been speculative as Dennis was not currently working. We find that the jury was free to return a $0 award for lost wages where Dennis was unemployed at the time of the alleged medical negligence. Accordingly, we do not find that the trial court clearly erred by refusing to grant Dennis's motion for a new trial based on inadequate damages on this ground either.

Thus, we affirm the trial court's denial of Dennis's CR 59.01 motion.

### Fulkerson's Cross–Appeal

■ Finally, we reach the issue raised in Fulkerson's cross-appeal that Dennis's award for past medical expenses should be reduced to the extent that his medical bill was "written off" by the Twin Lakes Regional Medical Center.

Fulkerson claims on cross-appeal that the Twin Lakes Regional Medical Center "wrote off" the entire amount of the bill due and owing from Dennis. She attaches to her brief an affidavit sworn by the CEO of the Twin Lakes Regional Medical Center stating that Dennis's account was "written off" in its entirety. However, Fulkerson makes no citation to the record in violation of CR 76.12(4)(c)(v). (Argument section of brief shall contain "ample supportive references to the record and citations of authority pertinent to each issue of law[.]")

■ It is not the job of the appellate courts to scour the record in support of an appellant or cross-appellant's argument. *Smith v. Smith*, 235 S.W.3d 1, 5 (Ky.App. 2006). *See also, Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 53 (Ky.2003). However, the record does not reflect that Fulkerson improperly inserted an affidavit from the hospital CEO only as part of the appellate record. The same affidavit was attached as Exhibit Three to Fulkerson's motion to vacate the judgment. This motion was filed with the trial court on April 23, 2009. Dennis addressed the motion in a response filed on May 5, 2009, when he stated that "Dr. Fulkerson must stand liable for all damages which she caused and can not benefit from the *collaborative affidavit obtained from a hospital official.*" (Emphasis added.)

That response by Dennis before the trial court, as well as the reply brief before this Court, were both signed by the same counsel. Because the affidavit was easily found in the record, we will address the issue raised in Fulkerson's cross-appeal of whether Dennis's award for past medical expenses should be reduced by the amounts allegedly "written off" by the Twin Lakes Regional Medical Center.

The trial court properly allowed the introduction of the medical expenses for purposes of the jury's consideration. *Beckner v. Palmore*, 719 S.W.2d 288 (Ky.App.1986). However, the court reserved the right to address those expenses at a later date. Fulkerson argues that failure to reduce the judgment for medical expenses actually owed to Twin Lakes, which is zero, was an abuse of discretion. We agree it was proper to allow the introduction of the entire medical bill to aid the jury in determining an appropriate amount of damages for pain and suffering. As noted in *Beckner, supra,* at 289, "... the proper procedure is to reduce the amount of judgment at the conclusion of the trial to the extent that its award would provide a double recovery."

Wherefore, we affirm the Grayson Circuit Court's judgment denying Dennis's motion for a new trial. However, we reverse and remand that part of the judgment of the Grayson Circuit Court denying Fulkerson's motion for a new trial for entry of a judgment consistent with this opinion.

VANMETER, Judge, Concurs.

THOMPSON, Judge, Concurs In Part, Dissents In Part, and Files Separate Opinion.

THOMPSON, Judge, Concurring In Part and Dissenting In Part:

I concur with the majority's legal analysis and opinion regarding the zero dollar verdict for pain and suffering even with a finding of negligence. However, I disagree with the majority's holding that Dennis cannot recover medical expenses to the extent the damages were "written off" by the hospital.

The issue regarding the "write off" of the hospital bill was presented by filing a motion to vacate the judgment and supported only by a brief affidavit of Twin Lakes Regional's CEO. I fail to understand how it can be said that the affidavit of a non-party creditor to the litigation reciting that the debt has been "written-off" is sufficient to deny Dennis of the jury award.

The term "written off" is a common business accounting term meaning only that the debt is removed from the internal bookkeeping procedures eliminating it as an accounts receivable. However, until the applicable statute of limitations expires, there is no legal impediment to the creditor's pursuit of the debt. In fact, "written off" accounts are frequently sold to collection agencies who receive a percentage of the amount collected and the balance returned to the creditor.

In this case, there was no language in the affidavit submitted by Twin Lakes Regional that would prevent pursuit of its legal rights to collect the debt owed. To the contrary, the affidavit only states that it is not pursuing collection from Dennis. It does not state that it will not pursue collection in the future. Thus, the majority's conclusion that Dennis will reap a double recovery if he is permitted to recover the award for past medical expenses is based on its assumption that Twin Lakes Regional will not assert its legal remedies. Unfortunately, if the majority's assumption is erroneous, Dennis will be held liable for a debt attributable to Fulkerson's negligence and jeopardize his credit rating.

Therefore, the trial court properly denied the motion to vacate the judgment on the basis that Twin Lakes Regional had "written off" the debt on its internal books. I would affirm.