RENDERED:  DECEMBER 5, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1265-MR

WILLIAM SHANE FLEMM　　　　　　　　　　　　　　APPELLANT

v.　　　　APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 23-CI-00092

BENNIE PERRY　　　　　　　　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE:  William Shane Flemm ("Flemm") appeals from a Fayette Circuit Court judgment following a jury trial in which the jury awarded Flemm damages for medical expenses but none for pain and suffering.  Flemm argues the trial court erred in failing to grant a new trial due to inadequate damages and in refusing to grant a mistrial due to defense counsel's interference with a witness.  Finding no error, we affirm.

# BACKGROUND

On February 18, 2022, Flemm and Bennie Perry ("Perry") were involved in a motor vehicle accident when Perry struck Flemm from the side as Perry attempted to cross Nicholasville Road in Lexington, Kentucky. Both vehicles were traveling under fifteen miles per hour at the time of impact, and Flemm's airbag did not deploy. Flemm was taken to the hospital, where he complained of head and neck pain.

Over the next several months, Flemm sought treatment for various symptoms that he attributed to the accident, including neck pain, headaches, and radiculopathy. Flemm filed a personal injury lawsuit against Perry in Fayette Circuit Court seeking damages for medical expenses and pain and suffering. At trial, Flemm argued he had sustained a traumatic brain injury and a neck injury in the accident. He presented testimony from multiple doctors, including a neurologist, Dr. James Winkley, a neurosurgeon, Dr. Nicolas Villelli, and an orthopedic expert, Dr. Rick Lyon.

Perry's defense was that Flemm's symptoms stemmed from preexisting conditions. Flemm had a neck fusion in 2006 and a history of degenerative disease in his spine, including arthritis in his cervical joints and narrowing of his spinal canal. He also had chronic high blood pressure and insomnia. The trial court held that Perry was liable for the accident as a matter of

law, and the jury awarded Flemm $21,270.08 for medical expenses but $0 for pain and suffering.  This appeal followed.

## STANDARD OF REVIEW

On appeal, Flemm challenges the trial court's denial of his motion for a new trial and his motion for a mistrial.  Our review of a trial court's decision on a motion for a new trial is a two-step process.  "The trial court must first determine if the grounds for a new trial under CR[1] 59.01 exist, which will be reviewed for clear error.  If such circumstances exist, the decision whether to grant a new trial lies within the sound discretion of the trial court[.]"  *Gibson v. Fuel Transport, Inc.*, 410 S.W.3d 56, 62 (Ky. 2013) (quoting *CertainTeed Corp. v. Dexter*, 330 S.W.3d 64, 72 (Ky. 2010)).  "The standard for reviewing the denial of a mistrial is abuse of discretion."  *Bray v. Commonwealth*, 68 S.W.3d 375, 383 (Ky. 2002) (citation omitted).

## ANALYSIS

As an initial matter, Flemm's brief does not comply with our Rules of Appellate Procedure ("RAP").  RAP 32(A)(4) requires an appellant's brief to contain "at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."  Our rules require a preservation statement to assure the reviewing court

---

[1] Kentucky Rules of Civil Procedure.

that "the issue was properly presented to the trial court and therefore, is appropriate for our consideration." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). When a party fails to abide by the Rules of Appellate Procedure, we may choose "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions . . . ; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citation omitted); *see also Ford v. Commonwealth*, 628 S.W.3d 147, 153-55 (Ky. 2021). At our discretion, we will disregard the deficiency and proceed with the review.

Flemm first argues that the trial court erred in denying his motion for a new trial based on the jury's failure to award damages for pain and suffering. He contends the jury ignored objective evidence of new neck pain and cervical radiculopathy following his motor vehicle accident, and that the evidence does not support its award of zero dollars for pain and suffering. We disagree.

Under CR 59.01(d), a new trial may be granted for "inadequate damages, appearing to have been given . . . in disregard of the evidence . . . ." However, "an award of zero damages for pain and suffering is not *necessarily* inadequate as a matter of law." *Dennis v. Fulkerson*, 343 S.W.3d 633, 635 (Ky. App. 2011) (citing *Miller v. Swift*, 42 S.W.3d 599, 602 (Ky. 2001)). "The question of inadequacy of damages depends on the nature of the underlying evidence and

whether the jury's verdict is supported by probative evidence." *Thomas v. Greenview Hosp., Inc.*, 127 S.W.3d 663, 672 (Ky. App. 2004), *overruled on other grounds by Lanham v. Commonwealth*, 171 S.W.3d 14 (Ky. 2005) (citing *Miller*, 42 S.W.3d at 601-02). "Accordingly, if the jury's verdict of zero damages for pain and suffering is supported by evidence, the trial court was not clearly erroneous in denying [Flemm]'s motion for a new trial." *Miller*, 42 S.W.3d at 601; *see also Hazelwood v. Beauchamp*, 766 S.W.2d 439, 440 (Ky. App. 1989) ("If the verdict bears any reasonable relationship to the evidence of loss suffered, it is the duty of the trial court and this Court not to disturb the jury's assessment of damages.").

Despite Flemm's claim that he presented "objective proof" of new neck pain and cervical radiculopathy following the crash, the evidence was not uncontroverted. Dr. Lyon, Dr. Villelli, and Dr. Winkley all agreed that Flemm's CT scan and MRI showed no acute injury from the motor vehicle accident. In fact, Dr. Lyon testified that the MRI showed longstanding deterioration of Flemm's spine, including arthritis in his cervical joints and narrowing of his spinal canal. Further, he stated these degenerative conditions could cause neck and radicular pain and that the symptoms could come and go. Dr. Villelli could not say definitively whether Flemm's radiculopathy was attributable to his preexisting disc bulge/arthritis or the accident. Finally, both doctors acknowledged that their

-5-

opinions about when Flemm became symptomatic were based solely on what he told them.

The jury also heard other evidence of Flemm's medical history, including that he had a cervical neck fusion surgery in 2006 and an MRI the same year that showed a "mild diffuse disc protrusion" and "foraminal narrowing" in the very same area he claimed was injured in the accident. Flemm's credibility was also an issue at trial. For instance, he testified that he lost consciousness in the ambulance and woke up at the hospital. But Brandon Tipton, the lead paramedic on the day of the accident, testified that if Flemm had lost consciousness, he would have documented it in his report and told the hospital. Results of psychological testing showed Somatic Symptom Disorder as the top diagnostic consideration for Flemm, a condition that can cause emotionally induced physical symptoms.

Flemm emphasizes the lack of neck pain in the medical records in the five years preceding the accident; however, the medical records do show complaints of neck pain in 2015 and 2016. As noted above, Dr. Lyon testified that the degenerative disease in Flemm's spine can cause neck and radicular pain, and the symptoms can come and go. Flemm also relies heavily on the August 2022 nerve study that found new radiculopathy at the C6 nerve. However, Dr. Villelli noted that this is where Flemm's arthritis was located on the MRI scan. Because the nerve study was performed six months after the accident, the jury could have

believed Flemm's radiculopathy resulted simply from the natural progression of the degenerative conditions in his spine. In sum, ample evidence supported the jury's decision to award zero damages for pain and suffering.

Flemm next argues the trial court erred in refusing to grant a mistrial based on defense counsel's alleged misconduct. After Perry's testimony, the jury submitted two questions to the trial court to ask Perry: (1) Were you stopped when you made the turn? and (2) How fast were you going? At a bench conference, while discussing how to proceed, one of Perry's attorneys approached him at counsel's table and had a brief conversation. Flemm objected, arguing that counsel was coaching the witness. Defense counsel stated that he "just told him what the two questions were going to be." When the trial court asked, "did you just let him know he was probably going to take the witness stand again?," counsel clarified, "I said the judge is about to call you back to the witness stand to ask you two questions."

The next morning, Flemm moved for a mistrial. Alternatively, he moved for a directed verdict on the issue of Perry's liability for the accident as a sanction. As a last resort, he requested an admonition to the jury. Defense counsel denied any wrongdoing. The trial court denied the motion for a mistrial, taking defense counsel at his word as an officer of the court. Further, the court perceived no prejudice.

"Broadly speaking, whether to grant a mistrial is within the sound discretion of the trial court, and such a ruling will not be disturbed absent . . . an abuse of that discretion." *Cardine v. Commonwealth*, 283 S.W.3d 641, 647 (Ky. 2009) (internal quotation marks and citation omitted). It is an "extreme remedy . . . to be used sparingly and only with the utmost caution, under urgent circumstances, and for very plain and obvious causes." *Id.* (citations omitted). Simply put, "the alleged error must be so severe that it results in an incurable amount of prejudice and precludes the defendant from having a fair and impartial trial." *Shepherd v. Commonwealth*, 251 S.W.3d 309, 317 (Ky. 2008), *as modified on denial of reh'g* (May 22, 2008) (citation omitted).

We first note that Flemm failed to raise the issue of the trial court's denial of his motion for a mistrial based on defense counsel's alleged misconduct in his prehearing statement. Under RAP 22(C)(2), "[a] party shall be limited on appeal to issues identified in the prehearing statement, except upon a timely motion demonstrating good cause, the Court of Appeals may permit additional issues to be raised." Flemm has not filed such a motion; therefore, this issue is not properly before us. *See Sallee v. Sallee*, 142 S.W.3d 697, 698 (Ky. App. 2004) (stating an argument not raised in a prehearing statement was not properly before the Court of Appeals for review).

Even if the issue had been properly raised on appeal, we would find no error. As noted by the trial court, Flemm cannot establish any prejudice. Assuming counsel told Perry the jury's questions in advance, as Flemm alleges, the questions pertained to liability, and the court found Perry liable for the accident as a matter of law. As to Flemm's claim on appeal that defense counsel's conduct constituted tampering with a witness in violation of KRS[2] 524.050(b), it is not preserved. Flemm did not raise this issue before the trial court, and we will not review it here. *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009) (internal quotation marks and citations omitted) ("An appellate court is without authority to review issues not raised in or decided by the trial court.").

## CONCLUSION

Based upon the foregoing, the Fayette Circuit Court's judgment is affirmed.

ALL CONCUR.

---

[2] Kentucky Revised Statutes.

BRIEF FOR APPELLANT:

Joseph Rugg
Lexington, Kentucky

BRIEF FOR APPELLEE:

David Domene
Catherine M. Young
Louisville, Kentucky

Jonathan E. Hall
Raleigh, North Carolina