RENDERED:  MARCH 6, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0717-MR

MICHAEL HUFF                                                          APPELLANT

v.

APPEAL FROM KENTON CIRCUIT COURT
HONORABLE KATHLEEN LAPE, JUDGE
ACTION NO. 20-CR-00505

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, ECKERLE, AND L. JONES, JUDGES.

JONES, L., JUDGE:  Michael Huff brings this *pro se* appeal from an April 26, 2024 Order denying his Motion to Vacate Judgment Pursuant to CR[1] 60.02(f) and RCr[2] 11.42.  We affirm.

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Rules of Criminal Procedure.

On July 9, 2020, Huff was indicted by a Kenton County Grand Jury upon four (4) counts of Trafficking in a Controlled Substance in the First Degree, less than 4 grams, Cocaine; two (2) counts of Trafficking in a Controlled Substance in the First Degree, Fentanyl; and of being a Persistent Felony Offender (PFO) in the First Degree. Pursuant to the Commonwealth's Offer on a Plea of Guilty (Commonwealth's Offer), Huff would plead guilty to four (4) counts of Trafficking in a Controlled Substance in the First Degree, less than 4 grams, Cocaine (Counts I, III, IV, and VI) and to two (2) counts of Trafficking in a Controlled Substance in the First Degree, Fentanyl (Counts II and V). The Commonwealth's Offer also amended the first-degree PFO count to second-degree PFO,[3] and further recommended "10 years to serve on each enhanced count. Counts I, II, III, IV, and V should run concurrent with each other but consecutively to Count VI for a 20 year sentence." Record (R.) at 29. Huff accepted the Commonwealth's Offer and entered an unconditional plea of guilty.

By Amended Judgment and Sentence on Plea of Guilty entered November 12, 2021, Huff was sentenced as follows: as to Counts I, III, and IV Huff was sentenced to five-years' imprisonment upon each count, enhanced to ten

---

[3] As noted by the trial court in its April 26, 2024 Order denying Huff's Motion Pursuant to CR 60.02 and RCr 11.42, the Commonwealth "offered to reduce his First-Degree Persistent Felony Offender charge to Second-Degree Persistent Felony Offender which eliminates the requirement that he serve a minimum of ten (10) years for parole eligibility." April 26, 2024 Order at 3; *see* Kentucky Revised Statutes (KRS) 532.080(7).

years on the amended count of second-degree PFO; on Counts II and V, Huff was sentenced to a term of ten-years' imprisonment upon each count, enhanced to ten years on the amended count of second-degree PFO; and on Count VI, Huff was sentenced to five-years' imprisonment enhanced to ten years on the amended charge of second-degree PFO. The sentences imposed in Counts I, II, III, IV, and V were ordered to run concurrently with each other, but consecutively to the sentence imposed in Count VI for a total sentence of twenty-years' imprisonment. On November 20, 2023, Huff filed a Motion to Vacate Judgment Pursuant to CR 60.02(f) and RCr 11.42 (Motion to Vacate). By Order entered April 26, 2024, the trial court denied the Motion to Vacate without an evidentiary hearing. This appeal follows.

We initially note that Huff filed a *pro se* brief with this Court. Huff's arguments are vague, unsubstantiated, and difficult to discern. However, we have utilized our best efforts to address the issues Huff has attempted to raise on appeal.

Huff generally contends the trial court abused its discretion by denying his Motion to Vacate Pursuant to CR 60.02(f) and RCr 11.42. We review a trial court's denial of a CR 60.02 motion or an RCr 11.42 motion for an abuse of discretion. *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014). An abuse of discretion occurs where the decision of the trial court was "arbitrary,

-3-

unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

A motion pursuant to CR 60.02 is an extraordinary remedy only available to correct a "substantial miscarriage of justice." *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985). It is well-settled that relief pursuant to CR 60.02 is available only where the issues presented could not have been raised by a direct appeal or RCr 11.42 motion. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky.1983).

To prevail upon a postconviction collateral attack pursuant to RCr 11.42 movant must demonstrate counsel's performance was deficient and he suffered prejudice as a result of the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). Movant must overcome the strong presumption that counsel's performance was constitutionally sufficient. *Strickland*, 466 U.S. at 669; *Commonwealth v. Pelfrey*, 998 S.W.2d 460 (Ky. 1999). Where a guilty plea has been entered, movant must demonstrate counsel's performance was so deficient it seriously affected the outcome of the plea process, and but for counsel's errors, there is a reasonable probability movant would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Phon v. Commonwealth*, 51 S.W.3d 456, 460 (Ky. App. 2001).

We now turn to Huff's specific contention that he should have been granted relief under CR 60.02 and RCr 11.42 as the trial court "lacked authority" to sentence him as a PFO. Huff's Brief at 3. Huff contends that pursuant to KRS 532.080 the jury shall fix the sentence to be imposed in a PFO case and that "[i]t is only after the jury has fixed the penalty that the judge may proceed to enter judgment sentencing the defendant." Huff's Brief at 3. Huff goes on to state that "[i]t has always been that if the defendant plead[ed] guilty to his/her underlying charge, the PFO would then be dismissed." Huff's Brief at 5. Huff also asserts that counsel was ineffective for advising him to plead guilty to the second-degree PFO as the trial court lacked the authority to sentence him without a jury to fix the penalty.

As was noted by the trial court, Huff's assertion has no basis in law. While KRS 532.080 clearly provides that if a defendant "is found to be a persistent felony offender, the jury. . . shall fix a sentence of imprisonment[,]" the statute does not foreclose a defendant's ability to enter into plea agreement. And when a defendant enters an unconditional guilty plea, the plea establishes an admission of guilt to those offenses, and it constitutes a waiver of myriad constitutional and statutory rights. *United States v. Broce*, 488 U.S. 563, 570 (1989). Generally speaking, a valid guilty plea "waives all defenses except that the indictment did not charge an offense[.]" *Hughes v. Commonwealth*, 875 S.W.2d 99, 100 (Ky. 1994).

The validity of a guilty plea is decided by looking to the totality of the circumstances. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 287 (Ky. App. 2004).

In this case, Huff was indicted upon six counts of Trafficking in a Controlled Substance in the first degree and one count of being a PFO in the first degree. Pursuant to the Commonwealth's Offer, Huff pled guilty to six (6) counts of Trafficking in a Controlled Substance in the First Degree. In exchange for Huff's guilty plea to those six counts, the Commonwealth amended the first-degree PFO count down to the lesser count of PFO in the second degree. Thus, we do not believe the trial court erred by sentencing Huff, pursuant to a valid plea agreement, to the amended and lesser charge of PFO in the second degree. As there is no basis in law to support Huff's claim, we do not believe Huff's counsel rendered ineffective assistance by advising him to accept the Commonwealth's Offer.

Huff next contends the trial court erred by denying his motion for relief pursuant to CR 60.02 and RCr 11.42 by failing to recognize the Commonwealth engaged in prosecutorial misconduct. Huff particularly asserts the "the trial court abused its discretion when it becomes (sic) the Defense Counsel for the Commonwealth when the Commonwealth conceded by not responding to Mr. Huff's CR 60.02(f) claiming that the prosecutor committed Prosecutorial Misconduct when [it] threatened Mr. Huff in order for him to take a plea deal." Huff's Brief at 9. Huff further asserts "he feared that if he didn't accept the plea

-6-

deal, the Commonwealth would make sure that he didn't make parole when the time came. So with a ***threat*** by the Commonwealth, Mr. Huff's plea deal was not fairly obtained." Huff's Brief at 9. Unfortunately, Huff fails to identify when the threat was made, to offer any evidence concerning the threat or to provide any legal analysis. Additionally, Huff's argument is substantively lacking and fails to include any citation to the record to support his claim. It is not the function of this court to set forth or construct an appellant's argument on appeal. *Harris v. Commonwealth*, 384 S.W.3d 117, 131 (Ky. 2012). Furthermore, "it is not the job of the appellate courts to scour the record in support of" an appellant's argument, we conclude that Huff has not demonstrated entitlement to relief under CR 60.02 or RCr 11.42. *See Dennis v. Fulkerson*, 343 S.W.3d 633, 637 (Ky. App. 2011).

Huff lastly contends the trial court erred by denying his motion pursuant to CR 60.02 and RCr 11.42 as the Commonwealth engaged in prosecutorial misconduct when it "failed to amend any of the charges Mr. Huff pleaded guilty to, except the illegal Persistent Felony Offender in the first-degree to Persistent Felony Offender in the second-degree." Huff's Brief at 12. Huff also asserts that his counsel was ineffective as counsel "failed to get his sentence amended." Huff's Brief at 13. Once again, Huff's contention is without merit. Huff apparently believes he did not benefit from the Commonwealth's agreement to amend the first-degree PFO count to second-degree PFO. Huff fails to articulate how the Commonwealth's failure to amend the charges resulted in prosecutorial misconduct. The amendment of the first-

degree PFO count clearly benefitted Huff as it eliminated the requirement that he serve a minimum of ten years before he would become parole eligible. *See* KRS 532.080(7).

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, we affirm the April 26, 2024, Order of the Kenton Circuit Court denying Huff's Motion to Vacate Judgment Pursuant to CR 60.02(f) and RCr 11.42.

ALL CONCUR.

BRIEF FOR APPELLANT:

Michael Huff, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky