Ray HUDDLESTON, Mattie Huddleston, Charles Huddleston, Audrey Huddleston, David Huddleston and Mildred Huddleston, Appellants,

v.

G.E. MURLEY, Thelma Murley, Radford Anderson and Nadine Anderson, Appellees.

No. 87–CA–482–S.

Court of Appeals of Kentucky.

Sept. 9, 1988.

Elmer P. Heist, Burkesville, for appellants.

David L. Williams, Burkesville, for appellees.

Before CLAYTON, COMBS and WILHOIT, JJ.

COMBS, Judge.

This appeal arose from an action in the Cumberland Circuit Court wherein the appellees sought to quiet title to a parcel of land and recover damages for trespass, wrongful removal of timber, and building a fence upon the land. A jury returned judgment in favor of the appellees in the amount of $7,500.00. Judgment was entered awarding appellees that amount as well as title to the property. Appellants filed a motion under Civil Rules 50 and 59 alternatively seeking a new trial, judgment *non obstante veredicto*, and to alter, amend, or vacate the judgment. Appellees opposed the post-trial motion on the ground that it was not timely filed. The trial court agreed and overruled the appellants' motion on that ground.

We first dispose of that portion of appellants' motion that sought judgment *n.o.v.* According to CR 50.02, which governs these motions, a prerequisite to making one is that the moving party make a motion for directed verdict at the close of all the evidence. Appellants have nowhere shown or even alleged to this Court that they thusly preserved their right to move for judgment *n.o.v.* CR 75.01 places a burden upon appellants to designate portions of the trial proceedings they wish to be included in the record on appeal. Appellants failed to do this, leaving this Court ignorant of any trial motions that may have been made. Thus, we must presume that they did not move for a directed verdict and have no right to seek judgment *n.o.v.* We affirm the trial court's denial of appellants' motion for judgment *n.o.v.*

We reverse the trial court's order overruling appellants' motion for a new trial and to alter, amend or vacate the judgment. The appellees and the trial court have confused the crucial difference between the filing of a motion and the serving of a motion.

The requirements for timeliness of a motion for new trial under CR 59.02, and to alter, amend, or vacate a judgment under CR 59.05, is that they be *served* not later than ten days from the entry of the final judgment. Counsel for appellants certified upon his motion that he served it on what was the tenth day following entry of the judgment. The circuit clerk file-stamped the motion the next day, and the envelope containing the copy mailed to the appellees' counsel was postmarked the next day, or what was the eleventh day following entry of judgment. It was because the motion was *filed* on the eleventh day that the trial court deemed it untimely. However, as we said, the rules require that the motion be *served* within the ten day time frame.

Service by mail is complete upon mailing. CR 5.02. Proof of service may be by a member of the bar of the court. CR 5.03. Appellants' counsel certified that he served his motion on the tenth day, and his certification has not been attacked. Thus, his motion was timely served.

The order of the Cumberland Circuit Court overruling appellants' motion for judgment *n.o.v.* is affirmed. The same order, inasmuch as it overrules appellants' motion for a new trial and to alter, amend or vacate the judgment is vacated, and the cause remanded for consideration of the latter two motions upon their merits.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, is reinstated effective the date of this opinion.

All concur.