RENDERED:  MARCH 27, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1268-MR


LINDA HOPKINS STEELE                                               APPELLANT


                    APPEAL FROM FLOYD CIRCUIT COURT
v.              HONORABLE JOHNNY RAY HARRIS, JUDGE
                         ACTION NO. 19-CI-00113


EQT CORPORATION; CORE
APPALACHIA PRODUCTION LLC;
DIVERSIFIED GAS & OIL PLC; EQT
PRODUCTION COMPANY; AND
TCFII CORE LLC                                                     APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, KAREM, AND MOYNAHAN, JUDGES.

JONES, A., JUDGE:  Linda Steele, *pro se*, appeals an order of the Floyd Circuit

Court dismissing her complaint against numerous corporations (collectively

referred to herein as "EQT")[1] that hold oil and gas leases on Steele's real property. After careful review, we affirm the circuit court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 2019, Steele, a Colorado resident, filed a *pro se* complaint against EQT.[2]  She alleged EQT holds leases for gas and oil production on her real property in Floyd County and she is entitled to a certain percentage of royalties from said production.  She claimed EQT failed to pay royalties as agreed, failed to provide an accurate accounting, and deducted unauthorized amounts from her royalties.[3]  Although she did not enumerate her claims with specificity, she used the following terms throughout her complaint:  breach of contract; unjust enrichment; bad faith; and fraud.

EQT filed a motion to dismiss the complaint pursuant to CR[4] 12.02(f), arguing:  1) Steele failed to plead fraud with particularity as mandated by CR 9.02; 2) the unjust enrichment claim was improper due to the existence of a contract; 3)

---

[1] Appellees collectively referred to as EQT have been represented by the same counsel throughout all proceedings, but filed separate, although largely identical, pleadings in the circuit court.  On appeal, one brief was filed on behalf of all appellees.

[2] Steele also had claims against Chesapeake Corporation and Chesapeake Appalachia, LLC (collectively "Chesapeake").  However, during the lengthy pendency of this appeal, Chesapeake filed for bankruptcy.  Steele's claims against Chesapeake were resolved in the bankruptcy proceedings and Chesapeake was dismissed as a party to this appeal on October 18, 2024.

[3] In her complaint at paragraph 7, Steele acknowledges she has received payments from EQT, but has not cashed any checks received since December 2005.

[4] Kentucky Rules of Civil Procedure.

Steele did not specify a breach of any alleged contractual duty; 4) Steele failed to cite any contractual provisions regarding calculation of royalties or deductions; and 5) the breach of contract claim for deductions is improper because EQT is allowed to make deductions under Kentucky law.

The motion was called on May 3, 2019. At that time, the circuit court informed EQT that Steele contacted the court because she could not attend a hearing and asked for 10 days to file a response.[5] Counsel did not oppose, and an order was entered to that end. In her response, Steele raised additional issues/potential claims, but did not seek to amend the original complaint. On June 17, 2019, the circuit court entered an order dismissing Steele's complaint with prejudice. The order did not detail any findings of fact or conclusions of law, and stated only that Steele's complaint was "dismissed for the reasons provided in the respective motions and reply memoranda filed by EQT[.]" Steele filed a motion to alter, amend, or vacate the order that will be discussed in more detail *infra.* On July 22, 2019, the circuit court denied Steele's motion.

This appeal followed.[6]

---

[5] Steele also asserts the circuit court held a hearing on November 19, 2019, that she could not attend. However, the record before us shows the circuit court only called the case, told counsel for EQT that no one is permitted to appear by telephone, and that it would take the matter under submission.

[6] To explain the lengthy appellate proceedings, we note that Steele filed her first motion for an extension of time to file her appellate brief on December 27, 2019, which was granted by this Court via an order entered on January 14, 2020. Steele requested three additional extensions of

## II. STANDARD OF REVIEW

Although EQT filed motions to dismiss pursuant to CR 12.02, we note that the rule states, in relevant part:

> [i]f, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

To that end, Chesapeake filed an affidavit, and Steele filed a print-out from the website of the Secretary of State. She also asked the circuit court to take judicial notice of her Father's will and the various oil and gas leases as they appear in the records of the Floyd County Clerk. However, the record before us indicates she did not provide certified copies of those items, and it is unknown if the circuit court considered them. Although the circuit court did not specify if it was granting

---

time, which were granted. Before Steele's brief was filed, however, Chesapeake filed a notice of bankruptcy with this Court on July 1, 2020. At that point, the appeal was held in abeyance. On March 23, 2021, Chesapeake filed a motion to have the case returned to our active docket, stating it had emerged from bankruptcy. Steele opposed the motion, and argued that her claims against Chesapeake remained pending in the bankruptcy court. From March 2021, until October 2024, a series of orders were entered holding the appeal in abeyance until Steele's claims against Chesapeake were resolved in the bankruptcy proceedings. Chesapeake was dismissed from this action on October 18, 2024. Steele then filed at least one additional motion seeking more time to file her brief, which was opposed by EQT. This Court granted more time, and Steele's brief was filed by this Court on July 10, 2025.

judgment on the pleadings or summary judgment, because the record does contain matters outside of the pleadings, we treat it as a summary judgment.

When a circuit court grants a motion for summary judgment, the standard of review for the appellate court is *de novo* because only legal issues are involved. *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004). We must consider the evidence of record in the light most favorable to the non-movant (*i.e.*, Steele) and determine whether the circuit court correctly found there was no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

### III. ANALYSIS

We first turn to EQT's assertion that Steele's appeal is untimely and should be dismissed.

CR 59.05 provides that, "[a] motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be *served* not later than 10 days after entry of the final judgment." (Emphasis added.) Filing the motion is not the same as serving the motion. *See Huddleston v. Murley*, 757 S.W.2d 216 (Ky. App. 1988). A timely CR 59.05 motion converts a final judgment into an interlocutory judgment until the motion is adjudicated. *Johnson v. Smith*, 885 S.W.2d 944, 947 (Ky. 1994). As was proper, Steele waited until after the circuit court resolved her

CR 59.05 motion to file her notice of appeal in this matter. The circuit court denied Steele's CR 59.05 motion on July 22, 2019, and Steele subsequently filed her notice of appeal on August 21, 2019. However, if her CR 59.05 motion was untimely as EQT asserts, her notice of appeal was also untimely.

EQT contested the timeliness of Steele's CR 59.05 motion to the circuit court. They asserted that, although Steele timely *filed* her motion to alter, amend, or vacate on June 27, 2019, an email EQT included as an exhibit showed Steele actually *served* the motion on June 28, 2019, or 11 days after entry of judgment. EQT argued the circuit court therefore lacked jurisdiction to resolve Steele's CR 59.05 motion and, at best, could treat it as a CR 60.02 motion. The circuit court denied Steele's CR 59.05 motion in a perfunctory order that did not address EQT's argument regarding timeliness.

Now in this appeal, EQT reasserts its argument that Steele's CR 59.05 motion was ineffectively served, and, accordingly, could not have converted the circuit court's June 17, 2019, final order into an interlocutory one, thereby making Steele's August 21, 2019 notice of appeal untimely. However, we disagree that Steele's appeal must be dismissed as untimely. Although there was conflicting evidence as to whether the motion was timely served, the circuit court neglected to make a finding in that regard. As explained in CR 52.04:

> A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding

of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02.

Whether Steele *served* her complaint within 10 days of the June 17, 2019, order is a question of fact. We are without a finding from the circuit court in that regard and EQT did not seek additional findings from the circuit court pursuant to CR 52.04. We are therefore without authority to assess the timeliness of Steele's service of her CR 59.05 motion.

Moving to the merits of Steele's appeal, we do agree with EQT that she has abandoned all legal arguments except breach of contract, but her arguments are nonetheless extremely difficult to discern. Steele asks us to take judicial notice of the leases apparently on file with the Floyd County Clerk, just as she asked the circuit court. However, those leases are not in the record before us. An appellate court cannot consider items that were not presented to the trial court. *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). Moreover, it seems as though Steele expected the circuit court and this Court to seek out said leases. Just as "it is not the job of the appellate courts to scour the record in support of an appellant or cross-appellant's argument[,]" (*see Dennis v. Fulkerson*, 343 S.W.3d 633, 637 (Ky. App. 2011) (citations omitted)), we certainly will not gather evidence *not*

contained in the record.  Finally, in contravention of RAP[7] 32(E)(1)(b), Steele attaches items in the appendix of her brief that are not included in the record below that this Court cannot consider such as gas tax assessment documents.

Steele has also failed to cite any contractual provisions in support of her position.  In paragraph three of the argument section of her brief, she simply asserts that EQT's "***own records***" prove her argument (emphasis in original).  It is unclear to what records she is referring.  We further agree with EQT that Steele failed to state any claim whatsoever against Diversified Gas & Oil PLC, instead stating in her complaint that she "can only assume that [Diversified] also intends to harm and defraud [Steele] by stealing her oil and/or gas and refusing to pay for it[.]"  Steele also appears to present an argument on behalf of her sibling to this Court, contending that "Steele did not make Ms. Hopkins Smith's 1/9 life estate disappear."  It is well-settled law in Kentucky that, not only can an appellant not raise an argument for the first time on appeal (*see Koteras v. Commonwealth*, 589 S.W.3d 534, 540 (Ky. App. 2018)), but a person may not raise another person's legal rights.  *Lawson v. Office of Atty. Gen.*, 415 S.W.3d 59, 67 (Ky. 2013).  In sum, we discern no reason to reverse the circuit court based upon Steele's arguments on appeal.

---

[7] Kentucky Rules of Appellate Procedure.

## IV. Conclusion

For the foregoing reasons, the judgment of the Floyd Circuit Court is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

Linda Hopkins Steele, *pro se*
Olathe, Colorado

BRIEF FOR APPELLEES:

Candace B. Smith
Lexington, Kentucky

J. Kevin West
Columbus, Ohio